# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

---

Sonya Robinson-Gibbs, on behalf of herself
and those similarly situated,

                        Plaintiff,                   Civil Action No.: 1:13-cv-00182-M-PAS

v.

RBS Citizens, N.A., d/b/a CCO Mortgage
Charter One, and Citizens Bank,

                        Defendant.

---

### STIPULATION AND SETTLEMENT AGREEMENT

IT IS HEREBY STIPULATED AND AGREED by and between SONYA ROBINSON-GIBBS ("Class Representative"), on behalf of herself and all others similarly situated, on the one hand; and RBS CITIZENS, N.A. ("Defendant"), on the other hand, as set forth below:

**I.**       **THE CONDITIONAL NATURE OF THIS STIPULATION**

This Stipulation and Settlement Agreement and all associated exhibits or attachments ("Stipulation") is made for the sole purpose of settling the above-captioned action on a collective and class-wide basis. This Stipulation and the settlement it evidences is made in compromise of disputed claims. Because this action was pled as a class and collective action, this settlement must receive preliminary and final approval by the Court. Accordingly, the Parties enter into this Stipulation and associated settlement on a conditional basis. In the event that the Court does not enter the Order Granting Final Approval of Settlement, or in the event that the associated Judgment does not become a Final Judgment for any reason, this Stipulation (except for those provisions relating to non-admissibility and non-admission of liability set forth in Sections I, IV, 2.12.4, and 2.12.5 and those provisions relating to the return of documents and discovery set forth in sections 2.2.2, 2.13.1 and 2.13.2) shall be deemed null and void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or utilized for any purpose whatsoever. Further, the negotiation, terms and entry of the Memorandum of Understanding dated July 15,

2013 (superseded by this Stipulation) shall remain subject to the provisions of Federal Rule of Evidence 408, and any other analogous rules of evidence that are applicable.

Defendant denies all claims as to liability, damages, penalties, interest, fees, restitution, injunctive relief and all other forms of relief, as well as the collective and class allegations asserted in the Litigation, as that term is defined in section 1.20. Defendant has agreed to resolve the Litigation via this Stipulation, but to the extent this Stipulation is deemed void or the Effective Date does not occur, Defendant does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation upon all procedural and factual grounds, including, without limitation, the ability to challenge class and collective action treatment on any grounds, including through a motion(s) for decertification, to move for dismissal of certain claims, and to seek summary judgment as to any claims and/or Plaintiffs or opt-ins, as well as asserting any and all other potential defenses or privileges. The Class Representative and Class Counsel (as defined in sections 1.5 and 1.7) agree that Defendant retains and reserves these rights and they agree not to take a position to the contrary; specifically, the Class Representative and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that based on this Stipulation, Defendant could not contest class certification or collective action certification on any grounds, including through opposing to a motion(s) for conditional certification, filing a motion(s) for decertification, moving for dismissal of certain claims, seek summary judgment as to any claims and/or Plaintiffs, and/or asserting any and all other potential defenses and privileges if this Litigation were to proceed.

Similarly, to the extent this Stipulation is deemed void or the Effective Date does not occur, Class Representative does not waive, but rather expressly reserves, all rights to prosecute all such claims and allegations in the Litigation upon all procedural and factual grounds, including through motions for conditional certification, class certification and summary judgment. Defendant agrees that Class Representative retains and reserves these rights and it agrees not to take a position to the contrary; specifically, Defendant agrees not to argue or present any argument, and hereby waives any argument, that based on this Stipulation, Class

Representative could not seek conditional certification, class certification, or move for summary judgment on any of her claims or Defendant's defenses if this Litigation were to proceed.

## II.    THE PARTIES TO THIS STIPULATION

This Stipulation (with the associated exhibits) is made and entered into by and among the following Settling Parties:  (i) the Class Representative (on behalf of herself and each of the Settlement Class Members), with the assistance of Class Counsel; and (ii) Defendant, with the assistance of its counsel of choice.  The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Federal Law Claims (defined below) of all Participating Claimants and the Released State Law Claims (as defined below) for all Participating Claimants and Rule 23 Class Members upon and subject to the terms and conditions hereof.

## III.    THE LITIGATION

On March 21, 2013, Plaintiff Sonya Robinson-Gibbs commenced a proposed collective action against Defendant in the United States District Court for the District of Rhode Island, captioned *Robinson-Gibbs v. RBS Citizens, N.A. d/b/a CCO Mortgage, Charter One, and Citizens Bank*, Case No. 1:13-cv-00182-M-PAS.  Plaintiff alleged a collective action claim under the Fair Labor Standards Act for an alleged failure to pay overtime on behalf of Plaintiff and all other employees alleged to be similarly situated.  On July 23, 2013, Plaintiff filed an Amended Complaint, adding Rule 23 class action claims under Ohio and Rhode Island wage and hour laws.

## IV.    DEFENDANT'S DENIAL OF WRONGDOING OR LIABILITY

Defendant specifically and generally denies all of the claims asserted in the Litigation, denies any and all liability or wrongdoing of any kind whatsoever associated with any of the facts or claims alleged in the Litigation, and makes no concessions or admissions of wrongdoing or liability of any kind whatsoever.  Defendant maintains that all of RBS Citizens' home loan advisors and account executives (collectively, "HLAs") were properly classified as exempt employees, that no overtime of any type is owed, and that, for any purpose other than settlement, the Litigation is not suitable or appropriate for class or collective action treatment pursuant to

3

either Federal Rule of Civil Procedure 23 or 29 U.S.C. § 216(b).  Nonetheless, Defendant has concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Defendant has also taken into account the uncertainty and risks inherent in any litigation.  Defendant has therefore determined that it is desirable and beneficial for it to settle the Litigation in the manner and upon the terms and conditions set forth in this Stipulation.

## V.  CLAIMS OF THE CLASS REPRESENTATIVE AND BENEFITS OF SETTLEMENT

The Class Representative and Class Counsel believe that the claims asserted in the Litigation have merit and that evidence developed to date supports the claims.  However, the Class Representative and Class Counsel recognize and acknowledge the expense and length of time of the type of continued proceedings necessary to prosecute the Litigation through trial and through appeals.  The Class Representative and Class Counsel have also taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in all litigation.  Based upon their evaluation, the Class Representative and Class Counsel have determined that the settlement set forth in the Stipulation is in the best interests of the Class Representative and the Settlement Class.

## VI.  TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED by and between the Class Representative (for herself and the Settlement Class Members) and Defendant, with the assistance of their respective counsel of record, that, as among the Settling Parties, including all Settlement Class Members, the Litigation and the Released State Law Claims and Released Federal Law Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation and the Judgment.

1.    *Definitions.*

As used in all parts of this Stipulation, the following terms have the meanings specified below:

1.1.  "Administrative Costs" means the amount to be paid to the Claims Administrator for administering this settlement, including the costs of all notices set forth in section 2.5 and its subsections.   $10,000 of the Settlement Amount shall be used to pay Administrative Costs, and Defendant shall pay any remaining Administrative Costs in excess of $10,000.

1.2.  "Allocation" means the form and methodology for distribution of the Net Settlement Amount to the Class, which shall be developed as provided in section 2.2.1 of this Stipulation.

1.3.  "Claims Administrator" means the third-party claims administration firm of Rust Consulting, Inc., or another administrator selected by Defendant in good faith.

1.4.  "Class" means collectively:

a.    All FLSA Opt-In Plaintiffs who have filed consent to join forms with the Court, who were employed by Defendant as an HLA within three years of the date they filed a consent form in *Ginter v. RBS Citizens, N.A.*, Case No. 1:12-cv-00008-M-DLM ("the *Ginter* action), and who have not otherwise withdrawn their consent forms or been dismissed by the Court in the Litigation.

b.    All putative class members covered by the Ohio and Rhode Island class action claims in the Amended Complaint filed on July 23, 2013 in the Litigation.  The statute of limitations for putative class members shall extend back to May 31, 2010.

c.    All putative FLSA collective action members covered by the Litigation, whose statute of limitations will be assumed to extend back to May 31, 2010.

1.5.   "Class Counsel" means, collectively, the law firm of Nichols Kaster, PLLP, the law firm of Donelon, P.C., the law firm of Winebrake & Santillo, LLC, and their attorneys.

1.6.  "Class Member" or "Member of the Class" means a Person who is either a member of a Rule 23 Class, the FLSA Opt-In Class, or a Potential FLSA Opt-In.

1.7.  "Class Representative" means Sonya Robinson-Gibbs.

1.8.  "Class Representative's Released Claims" refers to the claims released by the Class Representative and which are detailed in the Class Representative General Release, attached as Exhibit 2.

1.9.  "Consent to Join Settlement Form" means Form 1-A to the Notice Regarding Pendency of Class Action (Ex. 1) as approved by both the Parties and the Court, which a Class Member must submit in order to become an eligible Participating Claimant and receive a payment pursuant to section 2.2.

1.10. "Court" means the United States District Court for the District of Rhode Island.

1.11. "Defendant Releasees" means RBS Citizens, N.A. and its current, former, and future affiliates, including, without limitation, parents, subsidiaries, and related entities, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys (including Morgan, Lewis & Bockius LLP), and personal or legal representatives, in their individual and corporate capacities.

1.12. "Effective Date" means the date on which the Judgment becomes a Final Judgment.

1.13. "Enhancement" means an amount approved by the Court to be paid to the Class Representative identified in section 2.9.4, in addition to her awards as a Participating Claimant, in recognition of her effort in coming forward as Class Representative or otherwise benefiting the Class.

1.14. "Final Approval Order" means an order to be executed and filed by the Court approving the terms contained in this Stipulation.  The parties will submit a draft order, entitled "Order Granting Final Approval of Class and Collective Action Settlement," substantially in the form attached hereto as Exhibit 5, for the Court's review and approval.

1.15. "Final Judgment" means the latest of: (i) the date of final affirmance on an appeal of the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal

from the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Judgment.  Notwithstanding the foregoing, any proceeding or order, or any appeal or petition for a writ pertaining solely to the award of attorneys' fees and costs and/or Administrative Costs shall not in any way delay or preclude the Judgment from becoming a Final Judgment.

1.16.  "FLSA Opt-In Class" and "FLSA Opt-In Plaintiffs" means all individuals who have filed consent forms with the Court, who have a viable FLSA claim (based on their dates of employment as an HLA and the date that their consent form was filed in the *Ginter* action), and who have not otherwise withdrawn their consent forms or been dismissed by the Court in the Litigation.

1.17.  "HLA" means those persons employed by Defendant at its Ohio and Rhode Island Home Lending Solutions Centers as a home loan advisor or account executive, as those terms were commonly used by Defendant.  HLA shall not include any mortgage loan officer position outside of Defendant's Ohio or Rhode Island Home Lending Solutions Centers.

1.18. "Judgment" means the judgment to be rendered by the Court pursuant to this Stipulation.

1.19. "Last Known Address" or "Last Known Addresses" means the most recently recorded mailing address for a Class Member as such information was contained in Defendant's database containing personnel information.

1.20. The "Litigation" means the civil action entitled *Robinson-Gibbs v. RBS Citizens, N.A. d/b/a CCO Mortgage, Charter One, and Citizens Bank*, Case No. 1:13-cv-00182-M-PAS in the United States District Court for the District of Rhode Island.

1.21. "Maximum Settlement Amount" shall mean the maximum amount that Defendant shall pay under the terms of this Stipulation, which is the gross sum of Two Hundred Ninety-Five Thousand Dollars and No Cents ($295,000.00), and includes all settlement amounts, attorneys' fees and costs, $10,000 in Administrative Costs, any Enhancements, and employee taxes.  Under no circumstances shall Defendant be required to pay or contribute any monies in excess of the Maximum Settlement Amount, except that Defendant is responsible for paying the

employer's share of the payroll taxes and any Administrative Costs exceeding $10,000. To the extent that Settlement Class Members do not file timely and valid claims, their allocated settlement shares, along with the proportion of attorneys' fees attributable to those shares, shall revert to Defendant.

1.22. "Net Settlement Amount" means the Settlement Amount less $10,000 in Administrative Costs, Class Counsel's attorneys' fees and costs, and any Enhancements.

1.23. "Notice and Allocation Approval Date" means the date that the Court enters an order preliminarily approving the Allocation and approving the form of Class Notice, as defined below.

1.24. "Notice and Allocation Order" means the order of this Court approving the form of the Class Notice and Allocation defined below.

1.25. "Notice Regarding Pendency of Class Action" or "Notice To Class Members Regarding Pendency of a Class Action and Notice of Hearing On Proposed Settlement" or "Class Notice" means a notice (and associated response forms) entitled "Notice To Class Members Regarding Pendency of a Class and Collective Action and Notice of Hearing On Proposed Settlement" to be submitted to the Court for review and approval, substantially in the form attached hereto as Exhibit 1.

1.26. The "Notice Mailing Deadline" shall be the date on which the Claims Administrator mails the Class Notice to the Class Members, to occur within fifteen (15) business days after the Notice and Allocation Approval Date and approval of the Class Members' proposed Allocation amounts by Defendant (which shall occur within four (4) business days of defense counsel's receipt of Class Counsel's proposed allocations).

1.27. The "Notice Response Deadline" shall be the date sixty (60) days after the Claims Administrator mails the Class Notice to the Class Members, as determined by actual receipt by the Claims Administrator.

1.28. "Opt Out" or "Opt Outs" means written and signed requests by Class Members to be excluded from the Settlement Class, which are to be submitted on the forms, in the manner, and within the time set forth in the Notice Regarding Pendency of Class Action.

1.29. "Order of Final Approval" or "Order Granting Final Approval of Settlement" shall mean an order to be entered and filed by the Court granting final approval to the parties' settlement, a draft of which, entitled "Order Determining Good Faith and Granting Final Approval of Settlement," shall be submitted to the Court for review and approval.

1.30. "Participating Claimant" or "Participating Claimants" means each member of the Class who properly and timely submits a Consent to Join Settlement Form in response to the Notice Regarding Pendency of Class Action.

1.31. "Potential FLSA Opt-Ins" means all individuals employed by Defendant as an HLA during the time period beginning on May 31, 2010 and ending on May 1, 2011 and who have not joined *Robinson-Gibbs* prior to July 15, 2013.

1.32. "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

1.33. "Preliminary Approval Order" means an order to be executed and filed by the Court approving the terms contained in this Stipulation and certifying a class and collective action for settlement purposes only as provided in section 2.1.1. The parties will submit a draft order, entitled "Order Granting Preliminary Approval of Class and Collective Action Settlement," substantially in the form attached hereto as Exhibit 3, for the Court's review and approval.

1.34. "Reasonable Address Verification Measure" shall mean the utilization of the National Change of Address Database maintained by the United States Postal Service to review the accuracy of and, if possible, to update, a mailing address.

1.35. "Released Federal Law Claims" means any and all federal claims, obligations, demands, actions, rights, causes of action, and liabilities against RBS Citizens, N.A. and its affiliates (including without limitation parents and subsidiaries), predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, personal or legal representatives ("Defendant Releasees"), of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or

unanticipated, including claims not known or expected to exist at the time of the entry of the Court's Judgment in the Litigation, that accrued prior to the date on which the Court grants preliminary approval of the proposed settlement in the Litigation for any type of relief, including without limitation claims for wages, damages, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on any and all claims arising under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq*.

      1.36. "Released State Law Claims" means any and <u>all known and unknown</u> wage and hour claims against Defendant Releasees, including but not limited to all claims for overtime compensation, minimum wages, deductions from pay, meal and rest breaks, retaliation, penalties and interest under any and all applicable state and local laws, as well as the common law, and any other claims premised upon alleged wage and hour violations from the beginning of their employment with RBS Citizens through the date on which the Court grants preliminary approval of the proposed settlement.  This release of claims shall include any and all applicable state law wage and hour claims, obligations, demands, actions, rights, causes of action, and liabilities against Defendant Releasees, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, statute, or other applicable law, whether known or unknown, and whether anticipated or unanticipated, including claims that not known or suspected to exist at the time of the entry of the Court's Judgment in the Litigation, that accrued prior to the date on which the Court grants preliminary approval of the proposed settlement in the Litigation for any type of relief, including without limitation claims for wages, damages, premium pay, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims asserted in the Litigation that arise under the law of any state; (b) any and all claims under applicable state laws for the failure to pay any type of overtime compensation or minimum wage; (c) any and all claims under applicable state laws for the failure to provide or pay for meal breaks, and/or rest periods; (d) any and all claims under applicable state laws stemming from or based on the alleged

misclassification of HLAs as exempt employees; (e) any and all claims, including without limitation state statutory and common law claims, alleging unlawful imposition, deduction, or chargeback from compensation for expenses or costs under applicable state laws; (f) any and all claims, including without limitation state statutory and common law claims, for failure to reimburse, indemnify, cover or pay for business costs and/or deductions; and (g) all claims for penalties or additional damages which allegedly arise from the claims described in (a) through (f) above under any applicable law.  The Released State Law Claims include claims meeting the above definition under any and all applicable statutes, regulations, or common law.

1.37. "Rule 23 Class Member" or "Member of the Rule 23 Class" means any person who was employed by Defendant as an HLA in Ohio or Rhode Island during the time period beginning on May 31, 2010 and ending on May 1, 2011.

1.38. "Settlement Class" means a) all Rule 23 Class Members who do not opt out of the Settlement Class by submitting Opt Outs pursuant to Paragraph 2.6.1; b) all FLSA Opt In Plaintiffs who opt in to the Settlement Class by submitting valid and timely Consent to Join Settlement Forms pursuant to Paragraph 2.6.3; and all Potential FLSA Opt-Ins who opt in to the Settlement Class by submitting Consent to Join Settlement Forms pursuant to Paragraph 2.6.3.

1.39. "Settlement Class Member" or "Member of the Settlement Class" means any person who is a member of the Settlement Class.

1.40. "Settlement Hearing" or "Fairness and Good Faith Determination Hearing" means a hearing set by the Court to take place at the Court's convenience, but at least fourteen (14) days after the Notice Response Deadline, for the purpose of (i) determining the fairness, adequacy, and reasonableness of the Stipulation terms and associated settlement pursuant to class action procedures and requirements; (ii) determining the good faith of the Stipulation and associated settlement; (iii) determining Class Counsel's attorneys' fees and costs; (iv) approving the payment of an Enhancement to the Class Representative; and (v) entering Judgment.

1.41. "Settling Parties" or the "Parties" means Defendant, the Class Representative on behalf of herself and all Members of the Settlement Class, and all individuals who submit consents to opt into this Settlement.

1.42. "Stipulation" means this agreement, *i.e.*, the Stipulation and Settlement Agreement together with all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the Settlement between them, and which is subject to Court approval. It is understood and agreed that Defendant's obligations for payment under this Stipulation are conditioned on, *inter alia,* the occurrence of the Effective Date.

1.43. "Updated Address" means a mailing address that was updated via a Reasonable Address Verification Measure or via an updated mailing address provided by the United States Postal Service or a Class Member, or any other source.

2. *The Settlement*

2.1. *Certification of a Class and Collective Action for Settlement Purposes Only.*

2.1.1.   The Parties stipulate, for settlement purposes only, to the certification, and conditional certification (for FLSA claims), by the Court of all state and federal claims, respectively, asserted in the Litigation.

2.2. *Consideration to Settlement Class Members.*

2.2.1.   Defendant, through the Claims Administrator, and according to the terms, conditions, and procedures set forth in Section 2.7 of this Stipulation, shall pay each Participating Claimant according to the Allocation formula. The Allocation formula shall be based on each Class Member's weeks worked in the HLA position during the applicable limitations period. Under no circumstances may the Allocation violate any terms of this Stipulation. The formula will result in the complete distribution of the Net Settlement Amount based on the assumption that all Class Members become Participating Claimants. To the extent that some Class Members do not become Participating Claimants, their settlement shares will be returned to Defendant. In addition, the proportion of attorneys' fees attributable to Class Members who do not become Participating Claimants also will be returned to Defendant.

2.2.2.   For the purposes of developing the Allocation formula, the Parties agree that Defendant has reasonably cooperated with Class Counsel to supplement its prior data production (as necessary) with requested, relevant information regarding class membership,

tenure, states in which Class Members worked, and compensation, and Defendant agrees to continue to do so as needed. This exchange of information (and any future exchanges of information) shall in no way alter the Settlement Amount. Any data, documents, testimony or other information obtained pursuant to this section 2.2.2 (and all copies thereof) shall not be used for any purpose other than to effectuate the terms of this Stipulation and if the Court fails to enter the Order of Final Approval, such information will be treated as a confidential settlement communication under Federal Rules of Evidence 408 and any other analogous rules of evidence that are applicable, will be inadmissible for all purposes, and will be returned to Defendant.

2.2.3. Fifty percent (50%) of the total payment to each Participating Claimant shall be deemed payment in settlement of claims for unpaid wages and shall be subject to appropriate deductions and withholdings for wages by the Claims Administrator. The remaining fifty percent (50%) of the total payment to each Participating Claimant shall be deemed payment in settlement for claims of penalties, liquidated damages, interest, and all other non-wage income and will be paid subject to an IRS Form 1099. The individual/employee share of any and all payroll taxes shall be taken from the Settlement Amount. Defendant shall pay the employer share of any and all payroll taxes.

2.2.4. As further detailed in sections 2.3.1 and 2.3.2, and for each payment made pursuant to sections 2.2, 2.7, and 2.9 of this Section VI, the Claims Administrator will report each payment to state and federal government authorities, including the Internal Revenue Service, as required by law.

2.3. *Taxes.*

2.3.1. Those payments allocated to the settlement of claims for unpaid wages (a) shall be subject to required withholdings and deductions by the Claims Administrator, and so the net amounts payable will be less than the gross amounts; and (b) shall be reported in the year of payment as wage income to the Participating Claimant on a Form W-2 issued by the Claims Administrator and such other state or local tax reporting forms as may be required by law. Those payments allocated to all other claims, including without limitation claims for penalties, reimbursement, liquidated damages, interest, and other non-wage recovery (a) shall not be

subject to required withholdings and deductions by the Claims Administrator, and so the net amounts payable will be equal to the gross amounts; and (b) shall be reported in the year of payment as non-wage income to the Participating Claimants on a Form 1099 issued by the Claims Administrator and such other state or local tax reporting forms as may be required by law.    As to the payments reported as non-wage income, the Class Representative and Participating Claimants agree to indemnify and hold harmless Defendant for any taxes due or owing by the Class Representative and Participating Claimants on such payments.  Other than as set forth above, Defendant will not make from the payment to each Participating Claimant any deductions, withholdings, or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments, or charity withholdings, and entry of the Order of Final Approval by the Court shall be deemed authority not to make such deductions, withholdings, or additional payments.  Any amount paid to Participating Claimants shall not create any credit or otherwise affect the calculation of any deferred compensation, benefit, pension, or other compensation or benefit plan provided by Defendant.

2.3.2.  Other than the withholding and reporting requirements set forth in Paragraph 2.3.1, Participating Claimants shall be solely responsible for the reporting and payment of the employee's share of any federal, state, and/or local income tax or other tax or any other withholdings, if any, on any of the payments made pursuant to this Section VI of this Stipulation.  Defendant will be responsible for paying the employer's share of any applicable payroll taxes.  Withholding of the employee's share of any applicable payroll taxes will be taken from the Settlement Amount.  Defendant makes no representations, and it is understood and agreed that Defendant has made no representations, as to the taxability to any Participating Claimants of any portions of the settlement payments, the payment of any attorneys' fees or costs, or any payments to the Class Representatives.  The Notice Regarding Pendency of Class Action will advise each Class Member to seek his or her own personal tax advice prior to acting in response to that notice, and Defendant, the Class Representative, and Class Counsel agree that

each Class Member will have an adequate opportunity to seek tax advice prior to acting in response to the notice.

   2.4. *Court Approval of Notice to the Class and a Settlement Hearing.*

   2.4.1.   On or before October 7, 2013 (or as soon as possible thereafter), the Class Representative and Defendant, through their counsel of record in the Litigation, shall file this Stipulation with the Court and the Class Representative shall move for preliminary approval of this Stipulation.  Via this submission, and a supporting motion, the Class Representative, through her counsel of record, will request that the Court enter the Preliminary Approval Order approving the terms of this Stipulation, certify a class and collective action for settlement purposes only as provided in section 2.1.1, approve the Allocation of settlement funds, enter the Notice and Allocation Order, and schedule the Final Settlement Approval and Fairness Hearing for the purposes of determining the fairness of the settlement, granting final approval of the settlement, granting final approval of this Stipulation, and entering Judgment.

   2.4.2.   A decision by the Court not to enter the Preliminary Approval Order in its entirety, or a decision by the Court to enter the Preliminary Approval Order with modifications that Defendant determines in its reasonable and good faith judgment to be material, will be grounds for Defendant to terminate the settlement and the terms of this Stipulation within twenty-one (21) days of receipt of the Court's decision.

   2.4.3.   If any deadlines related to this Settlement cannot be met, Class Counsel and counsel for Defendant shall confer to reach agreement on any necessary revisions of the deadlines and timetables set forth in this Stipulation.  In the event that the Settling Parties fail to reach such agreement, any of the Settling Parties may apply to the Court via a noticed motion for modification of the dates and deadlines in this Stipulation, provided that such a request to the Court may seek only reasonable modifications of the dates and deadlines contained in this Stipulation and no other changes.

   2.4.4.   If the Court enters the Preliminary Approval Order, then at the resulting Final Approval and Fairness Hearing, the Class Representative and Defendant, through their counsel of record, shall address any timely written objections from Class Members or any

concerns from Class Members who attend the hearing, as well as any timely stated concerns of any state official who receives a notice under the Class Action Fairness Act ("CAFA"), if any, and any concerns of the Court, if any, and shall and hereby do, unless provided otherwise in this Stipulation, stipulate to final approval of this Stipulation and entry of the Judgment by the Court.

2.5. *Notice to Class Members.*

2.5.1. If, by entering the Preliminary Approval Order and the Notice and Allocation Order, the Court provides authorization to send the Notice Regarding Pendency of Class Action to Class Members, the Claims Administrator will send the Class Notice to all Class Members at their Last Known Addresses. This Class Notice shall be mailed via first class mail through the United States Postal Service, postage pre-paid.

2.5.2. This Class Notice and its envelope or covering shall be marked to denote the return address of the Claims Administrator.

2.5.3. Class Counsel will provide the last known address for each FLSA Opt-In to the Claims Administrator. Defendant shall prepare the name and Last Known Address for all remaining Class Members so that the Claims Administrator can engage in the processing and mailing of each Class Notice.

2.5.4. Prior to mailing the Class Notice to each Class Member, the Claims Administrator shall undertake a Reasonable Address Verification Measure to ascertain the current accuracy of the Last Known Address of each Class Member. To the extent this process yields an Updated Address, that Updated Address shall replace the Last Known Address and be treated as the new Last Known Address for purposes of this Stipulation and for subsequent mailings in particular.

2.5.5. Unless the parties agree otherwise in writing or the Court so orders, each of the Notices shall be mailed to the Last Known Addresses of the Class Members no later than the Notice Mailing Deadline.

2.5.6. Nothing in this Stipulation is intended to limit Class Counsel from responding to inquiries from Class Members, or to limit the Claims Administrator from referring such inquires to Class Counsel. Furthermore, nothing in this Stipulation limits Class Counsel's

16

ability to communicate with the FLSA Opt-Ins in any manner or for any reason, including but not limited to communications regarding their settlement offer, their rights in this settlement, and the applicable deadlines.

       2.5.7.  Part of the fees paid to the Claims Administrator shall be used to pay for all costs of the mailing described in Paragraph 2.5.1, which shall be the fees charged by the Claims Administrator, the cost of the envelopes in which the Class Notice will be mailed, the cost of reproducing the Class Notice, and the cost of postage to send the Class Notice.  The following Forms will be included with the Class Notice (Ex. 1) in this mailing: Consent to Join Settlement Form (Form 1-A), Change of Name or Address Information (Form 1-B), and Election to Opt Out of Settlement and Class Action (Form 1-C).  The Class Representative acknowledges that Defendant's agreement to pay the claims administration and mailing costs constitutes part of the consideration to the Class.

       2.5.8.  Unless the Claims Administrator receives a Class Notice returned from the United States Postal Service for reasons discussed below in this paragraph, that Class Notice shall be deemed mailed and received by the Class Member to whom it was sent five days (5) days after mailing.  In the event that subsequent to the first mailing of a Notice Regarding Pendency of Class Action and prior to the deadline for a response, that Notice is returned to the Claims Administrator by the United States Postal Service with a forwarding address for the recipient, the Claims Administrator shall re-mail the notice to that address, the notice will be deemed mailed as of that date, and the forwarding address shall be deemed the Updated Address for that Class Member.  In the event that subsequent to the first mailing of a Class Notice, and at least fourteen (14) days prior to the Notice Response Deadline, that Notice is returned to the Claims Administrator by the United States Postal Service because the address of the recipient is no longer valid, *i.e.,* the envelope is marked "Return to Sender," the Claims Administrator shall perform a standard skip trace, in the manner that the Claims Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Class Member in question.  If such an address is ascertained, the Claims Administrator will re-send the Class Notice within three (3) business days of receiving such information; if no Updated Address is

obtained for that Class Member, the Class Notice shall be sent again to the Last Known Address. In either event, the Notice Regarding Pendency of Class Action shall be deemed received once it is mailed for the second time, and the Class Member shall have up to and including ten (10) days after the Notice Response Deadline to file a Consent to Join Settlement Form, or to opt out.

2.5.9.  To the extent a Class Member, whose address has not been deemed unknown by the Claims Administrator, has not submitted to the Claims Administrator some form of written response to the Class Notice by the date that is thirty (30) days before the Notice Response Deadline, the Claims Administrator shall send that Class Member a postcard (a) referencing the name of the Litigation; (b) stating that the Class Member received a notice in this action; (c) providing the address for the Claims Administrator; (d) stating the Notice Response Deadline, *i.e.*, the deadline to respond to the Class Notice if the recipient desires to do so; and (e) stating that the Class Member can contact the Claims Administrator to receive an additional copy of the Class Notice.  The postcard shall not contain additional information or statements. Nothing in this Paragraph shall be construed to extend the Notice Response Deadline for any Class Member, and the reasonable costs expended in association with the preparation and mailing of the postcards contemplated by this Paragraph, as well as the costs associated with any notices provided under this Stipulation, shall be included as part of the Administrative Costs.

2.5.10. Within ten (10) business days following the filing of this Stipulation with the Court, Defendant shall serve upon the Attorney General of the United States and the appropriate State official of Ohio and Rhode Island a notice of the proposed Settlement in compliance with the requirements of CAFA, 28 U.S.C. §1715.  A sample of the CAFA Notice is attached as Exhibit 4.

2.6. *Responses to the Notice Regarding Pendency of Class Action; Motion for Final Approval.*

2.6.1.  Rule 23 Class Members may elect to "opt out" of the Settlement Class and thus exclude themselves from the Litigation, the settlement, and the Settlement Class.  Rule 23 Class Members who wish to exercise this option must fully complete, properly execute, and timely return, per the instructions therein, the form entitled "Election to Opt Out of Settlement

and Class Action" attached to the Notice Regarding Pendency of Class Action as Form 1-C.  If a fully completed and properly executed Opt Out form is not received by the Claims Administrator from a Rule 23 Class Member with a postmark date on or before the Notice Response Deadline, then that Rule 23 Class Member will be deemed to have forever waived his or her right to opt out of the Settlement Class.  Rule 23 Class Members who do not timely submit fully completed and properly executed Opt Out forms shall be deemed Members of the Settlement Class.  Rule 23 Class Members who do timely submit fully completed and properly executed Opt Out forms shall have no further role in the Litigation, and for all purposes shall be regarded as if they never were either a party to this Litigation or a Class Member, and thus they shall not be entitled to any benefit as a result of the Litigation, this settlement, or this Stipulation.

2.6.2.  Class Members who do not opt out of the Settlement Class pursuant to section 2.6.1 may object to the Stipulation by submitting written objections to the Court and mailing copies of their written objection so they are received by Class Counsel, counsel for Defendant, and the Claims Administrator no later than the Notice Response Deadline.  The Class Notice shall advise Class Members of this option.  The Claims Administrator shall immediately provide copies of any such objections to counsel of record.

2.6.3.  Class Members who do not opt out of the Settlement Class pursuant to section 2.6.1 may elect to become Participating Claimants.  Class Members who wish to exercise this option and certify their entitlement to payment under the settlement must fully and timely complete, execute, and mail, per the instructions therein, the form entitled "Consent to Join Settlement Form" attached to the Notice Regarding Pendency of Class Action as Form 1-A.  If a completed and properly executed Consent to Join Settlement Form is not received by the Claims Administrator from a Class Member with a postmark date on or before the Notice Response Deadline, then that Class Member will be deemed to have forever waived his or her right to be a Participating Claimant and receive payment under this settlement.  However, as long as they do not properly submit Opt Outs, Rule 23 Class Members shall be deemed Members of the Settlement Class and shall be subject to the Judgment even if they do not submit a Consent to Join Settlement Form in a timely and proper fashion.  Those, however, who did not opt-in to the

Settlement will not be deemed to have waived any FLSA claim they may have against Defendant. Consistent with the law, however, the statute of limitations for an FLSA claim continues to run until a person affirmatively opts into, or files, an FLSA suit. Only Participating Claimants whose completed and properly executed Consent to Join Settlement Forms are filed with the Court shall be entitled to payment pursuant to the settlement and this Stipulation.

2.6.4.   Class Members who submit an Opt Out and also submit a Consent to Join Settlement Form shall be sent a cure letter (in a form similar to that attached to Exhibit 1 as Form 1-D) by the Claims Administrator seeking clarification of whether they intend to opt out of the settlement and the Settlement Class or become a Participating Claimant. Absent a response to the contrary, such Class Members will be deemed to have opted in to the Settlement Class pursuant to section 2.6.3.

2.6.5.   Class Members who, for future reference and mailings from the Court or Claims Administrator, if any, wish to change the name or address listed on the envelope in which the Class Notice was first mailed to them must fully complete, execute, and mail, per the instructions therein, the form entitled "Change of Name or Address Information" attached to the Notice Regarding Pendency of Class Action as Form 1-B. The address provided shall be deemed the "Updated Address" for any such Class Member.

2.6.6.   In the event that the Class Representative or a FLSA Opt-In Plaintiff fails to submit a fully completed and properly executed Consent to Join Settlement Form by the Notice Response Deadline, he or she shall be dismissed from the Litigation with prejudice and will not be paid. However, if the Class Representative or any FLSA Opt-In Plaintiff who joined the action prior to July 15, 2013 rejects the settlement in writing by the Notice Response Deadline, they will be dismissed without prejudice and will have thirty (30) days to re-file an individual claim.

2.6.7.   Prior to the Final Approval and Fairness Hearing, and consistent with the rules imposed by the Court, the Class Representative and Defendant shall jointly move the Court for entry of the Order of Final Approval and the associated entry of Judgment. Class Counsel shall prepare the Joint Motion for Entry of the Order of Final Approval and the associated entry

of Judgment and shall provide a draft to Defendant's counsel fourteen (14) days before the Final Approval and Fairness Hearing. The Settling Parties shall make all reasonable efforts to secure entry of the Order of Final Approval and the associated entry of Judgment. If the Court rejects the Stipulation, fails to enter the Order of Final Approval, or fails to enter the Judgment, this Stipulation shall be void *ab initio,* and Defendant shall have no obligations to make any payments under the Stipulation, except for Administrative Costs already incurred by the Claims Administrator.

    2.7. *Timing of Payment to Participating Claimants and Notice of Final Approval to Settlement Class Members.*

    2.7.1. Within thirty-five (35) days of and only after the Effective Date, the Claims Administrator shall mail to each Participating Claimant at his or her Last Known Address, or Updated Address if obtained, his or her individual payment pursuant to section 2.2 and in accordance with the terms of Paragraph 2.2.1, from an account administered by the Claims Administrator but funded by Defendant, less the employee's share of relevant withholdings.

    2.7.2. Checks issued to Participating Claimants pursuant to this Agreement shall remain negotiable for a period of ninety (90) days from the date of mailing. Participating Claimants who fail to negotiate their check(s) in a timely fashion shall remain subject to the terms of the Stipulation and Judgment. Defendant will bear no responsibility whatsoever for any uncashed checks.

    2.7.3. Following the mailing of (a) the Notices of Final Approval to the Settlement Class and (b) the payments to Participating Claimants discussed in Paragraph 2.7.1, the Claims Administrator shall provide counsel for the parties with a written confirmation of this mailing. Upon receipt of this confirmation, Class Counsel will file a notice or acknowledgement of satisfaction of judgment with the Court in the Litigation on behalf of the Settlement Class.

    2.7.4. The Claims Administrator will (i) inform Class Counsel of any settlement checks that have not been cashed by FLSA Opt-In Plaintiffs (as defined in paragraph 1.4(a)) at the 60-day mark of the 90-day period so that Class Counsel may contact them to remind them of

the deadline; and (ii) send a letter to all Participating Claimants who, at the 60-day mark of the 90-day period, have not yet cashed their check, reminding them of the deadline. The Claims Administrator will work with counsel for the Parties to re-issue any checks that are lost or damaged. If any settlement checks have not been cashed by the 90-day threshold, those remaining amounts will be donated to St. Jude's Children's Cancer Research Hospital.

2.8. *Releases.*

2.8.1. Upon the Effective Date, the Class Representative and each of the Settlement Class Members, including all Participating Claimants, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged all Released State Law Claims as defined in 1.36 herein and in the relevant releases.

2.8.2. In addition, upon the Effective Date, the Class Representatives and each of the Participating Claimants, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged all Released Federal Law Claims as defined in 1.35 herein and in the relevant releases.

2.9. *Payment of Attorneys' Fees and Costs and Enhancement Awards.*

2.9.1. Not more than thirty-five (35) days after the Effective Date, and only if the Effective Date occurs, and subject to Court approval, Defendant (through the Claims Administrator) will pay Class Counsel, as a portion of the Settlement Amount, an amount allowed by the Court but not to exceed Ninety-Eight Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($98,333.33) for all attorneys' fees, costs, and litigation expenses. Payments made pursuant to this paragraph shall constitute full satisfaction of any claim for fees or costs, and the Class Representative and Class Counsel, on behalf of themselves and all Settlement Class Members, agree that they shall neither seek nor be entitled to any additional attorneys' fees or costs under any theory. The Class Representative and Class

Counsel agree that they shall be responsible for justifying the amount of this cost and fee payment to the Court, and they agree to submit, as appropriate, the necessary materials to justify this payment along with the Settling Parties' joint motion for final approval of the Stipulation pursuant to Paragraph 2.6.7.  Provided it is consistent with this Stipulation, Defendant will not oppose the amount of fees or costs requested by Class Counsel.

2.9.2.  In the event that the Court (or any appellate court) awards less than the amount requested for attorneys' fees and/or costs, or less than the amount requested for Enhancement payments for Class Representatives, only the awarded amounts shall be paid and shall constitute satisfaction of the obligations of this paragraph and full payment hereunder.  Any remaining or unawarded portion of the requested fee, cost, and/or Enhancement payment shall be distributed to the Claimants on a pro rata basis.

2.9.3.  As a condition of the Claims Administrator distributing any attorneys' fees and costs, Class Counsel shall provide to Defendant's counsel no later than two (2) business days prior to the Final Approval Hearing executed statements from Donelon, P.C. and Winebrake & Santillo, LLC authorizing the distribution of all attorneys' fees and costs solely to Nichols Kaster, PLLP pursuant to the terms in the Stipulation ("Statements").  If this condition is not met, the Claims Administrator shall hold the full amount of attorneys' fees and costs until 5 days after the Statement is received by Defendant's counsel, or Donelon, P.C., Winebrake & Santillo, LLC, and Nichols Kaster, PLLP provide an executed statement from the three firms agreeing to a specific distribution of the attorneys' fees and costs which will be sent to the Claims Administrator with a copy to Defendant's counsel.  This Statement, and any dispute or matter regarding only attorneys' fees and costs shall in no way delay the Final Judgment or any other payments under the Stipulation with the exception of that regarding the distribution of attorneys' fees and costs.  To the extent that the Stipulation and/or any other associated documents, proposed orders, or exhibits conflict with this requirement, this requirement shall govern.  If the Effective Date occurs, the Claims Administrator shall wire Class Counsel Nichols Kaster, PLLP the total payment amount set forth in Paragraph 2.9.1, provided, however, that Class Counsel

provides the Claims Administrator with the pertinent taxpayer identification number(s) in a Form W-9 on or before the Effective Date.

2.9.4. Other than any reporting of this fee payment as required by this Stipulation or law, which Defendant shall make, Class Counsel and the Class Representative who receives an Enhancement shall alone be responsible for the reporting and payment of any federal, state, and/or local income or other form of tax on any payment that they have received pursuant to this paragraph. Class Counsel agrees to indemnify and hold harmless Defendant for any taxes due or owing by them on such payments for Plaintiffs' attorneys' fees and costs and for any required reporting under federal, state, and/or local law. As part of the Allocation formula, Class Counsel will determine whether an Enhancement payment will be offered to the Class Representative and in what amount, and any conditions under which such payments will be paid. Any Enhancement payments agreed to under this provision shall be paid after the Effective Date in conjunction with the other settlement payments. The recipient of an Enhancement payment equal to or in excess of $3,000 shall be required to sign a full, general and comprehensive release of all known and unknown claims to the fullest extent allowed by law. The full amount of the Enhancement payment shall be deemed payment in settlement of claims for unpaid wages, is subject to appropriate deductions and withholdings by the Claims Administrator, and will be reported on a W-2 (and any other state or local tax reporting forms required by law) to be issued by the Claims Administrator.

2.9.5. Defendant shall have no responsibility for, and no liability whatsoever with respect to, the Allocation among the Class Representative, Class Counsel, and/or any other person who may assert some claim thereto, of any award or payment issued or made in the Litigation or pursuant to this Stipulation, including, but not limited to, any award or payment made pursuant to Paragraph 2.9.1 or 2.9.2.

2.9.6. If the Effective Date does not occur, neither the Class Representative nor Class Counsel shall have any responsibility or obligation for the payment of costs incurred in the Litigation and its settlement by the Claims Administrator, including the cost of mailing the Notice and any publication.

2.10.    *Claims Administrator.*

2.10.1. $10,000 of the Settlement Amount shall be allocated to the fees and expenses reasonably incurred by the Claims Administrator as a result of procedures and processes expressly required by this Stipulation.  Defendant shall pay any fees and expenses reasonably incurred by the Claims Administrator in excess of $10,000.    The Class Representatives and Class Counsel shall have no responsibility for Administrative Costs.

2.10.2. Class Counsel may provide relevant information needed by the Claims Administrator per this Stipulation and engage in related communications with the Claims Administrator with notice to Defendant.    Defendant may communicate with the Claims Administrator without notice to Class Counsel.

2.10.3. In the event that either Defendant or Class Counsel take the position that the Claims Administrator is not acting in accordance with the terms of the Stipulation, such party shall meet and confer with opposing counsel prior to raising any such issue with the Claims Administrator or the Court.

2.11.    *Termination of Settlement*

2.11.1. In the event that the Stipulation is not approved in its entirety as is by the Court, excluding modifications that Defendant determines in its reasonable and good faith judgment to not be material modifications, or in the event that the settlement set forth in the Stipulation is terminated, cancelled, declared void, or fails to become effective in accordance with its terms, or if the Judgment does not become a Final Judgment, or if the Effective Date does not occur, no payments shall be made by Defendant to anyone in accordance with the terms of this Stipulation, and the Settling Parties will each bear their own costs and fees with regard to the efforts to obtain Court approval.  In such event, this Stipulation (except for those provisions relating to non-admissibility and non-admission of liability set forth in sections I, IV, 2.12.4, and 2.12.5 and those provisions relating to the return of documents and discovery set forth in 2.2.2, 2.13.1 and 2.13.2) shall be deemed null and void, its terms and provisions shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in

25

accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. Notwithstanding any other provision of this Stipulation, no order of the Court, or modification or reversal on appeal of any order of the Court, reducing the amount of any attorneys' fees or costs to be paid to Class Counsel, or reducing the amount of any Enhancement paid to the Class Representative, shall constitute grounds for cancellation or termination of the Stipulation or grounds for limiting any other provision of the Judgment.

2.11.2. Defendant shall have the absolute discretionary right to terminate this Settlement Agreement and Stipulation in the event that any of the following conditions occur:

2.11.2.1. In the event that more than five percent (5%) of all Class Members affirmatively opt out of the Settlement Class by submitting timely Opt Outs pursuant to Paragraph 2.6.1.  Non-responsive Class Members will not be counted as opting out for purposes of this right to revoke.

2.11.2.2. In the event that the Stipulation is construed in such a fashion that would require Defendant to pay more than the Settlement Amount.

2.11.2.3. In the event that the Court does not certify, for settlement purposes only, a class action and collective action consistent with section 2.1.1, or otherwise makes an order materially inconsistent with any of the terms of this Stipulation.

2.11.3. To the extent Defendant chooses to exercise the option established in section 2.11.2 and its subsections, it must do so through written notice to Class Counsel prior to the Order of Final Approval and within 21 days of Defendant learning of the occurrence of the operative condition.

2.11.4. In the event that the settlement set forth in the Stipulation is terminated, cancelled, declared void, or fails to become effective in accordance with its terms, or if the Judgment does not become a Final Judgment, or if the Effective Date does not occur, notwithstanding any of the provisions of this section 2.11 and all its subsections, the *Robinson-Gibbs* action may proceed without prejudice as if this settlement had not been entered. Furthermore, in any such event, if the class and collective actions described in section 2.1 have already been certified for settlement purposes, the Parties will jointly move, as soon as

practicable, to decertify the class and collective actions that were certified as part of this Stipulation.

    2.12.   *Miscellaneous Provisions.*

    2.12.1. The only Class Members, other than the Class Representative, entitled to any payment under this Stipulation and the associated Judgment are Participating Claimants, and they shall be entitled to their individual payments pursuant to section 2.2 only.  This Stipulation and the associated Judgment do not and will not create any unpaid residue or unpaid residual, and no distribution of such shall be required.

    2.12.2. Defendant's complete obligations to Class Counsel and the Claims Administrator are set forth in this Stipulation.  Class Counsel and the Claims Administrator shall hold Defendant harmless for an award of fees or costs beyond those made in accordance with the Stipulation and shall not seek to recover any fees or costs awarded in excess of the terms in this Stipulation.

    2.12.3. The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation, including but not limited to obtaining the dismissal, transfer to the Court, or stay of any pending or subsequently-filed class or collective action lawsuit that alleges any of the Released State Law Claims, Released Federal Law Claims, and/or Class Representative's Released Claims.

    2.12.4. The Stipulation compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or any potential defense.  The Settling Parties agree that the amounts paid in connection with this Stipulation and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

    2.12.5.  Neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the settlement:  (a) is or

may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendant Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Defendant Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal.

2.12.6. All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

2.12.7. The Stipulation may be amended or modified only by a written instrument signed by authorized representatives of all Settling Parties or their respective successors-in-interest.

2.12.8. The Stipulation constitutes the entire agreement among the Settling Parties hereto regarding the subject matter discussed herein, and no representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own fees and costs.

2.12.9.    Class Counsel, on behalf of the Class Members, represent that, after consultation with and approval by all of the Class Representative, they are expressly authorized by the Class Representative to take all appropriate action required or permitted to be taken by the Class Representative pursuant to the Stipulation to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class Members which they deem appropriate. Similarly, Defendant's counsel represents that it is expressly authorized to take all appropriate action required or permitted to be taken by Defendant pursuant to the Stipulation to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of Defendant which they deem appropriate.

2.12.10.    Each counsel or other person executing the Stipulation or any of its exhibits on behalf of any party hereto hereby warrants that such person has the full authority to do so.

2.12.11.    The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

2.12.12.    Whenever this Stipulation requires or contemplates that one party, the Court or the Claims Administrator shall or may give notice to another, notice shall be provided by facsimile and/or next-day (excluding Sundays and Court holidays) express delivery service as follows:

(i) If to Defendant, then to both:

Sarah E. Bouchard                        Sam S. Shaulson
Morgan Lewis & Bockius  LLP              Morgan Lewis & Bockius  LLP
1701 Market Street                       101 Park Avenue
Philadelphia, PA 19103-2921              New York, NY 10178-0600
Facsimile: 215-963-5001                  Facsimile:  212-309-6001


(ii)  If to Class Representatives, then to:

Paul J. Lukas & Timothy C. Selander
Nichols Kaster, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2242
Facsimile: 612-215-6870

2.12.13.    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto; but this Stipulation is not designed to and does not create any third party beneficiaries, either express or implied.

2.12.14.    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.  Any action to enforce this Stipulation shall be commenced and maintained only in the Court.

2.12.15.    The parties agree and understand that there shall be no injunctive relief included as part of any Court Order as to them.

2.12.16.    The Stipulation and the exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to have been wholly performed, in the State of

New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the substantive laws of the State of New York without giving effect to that State's choice of law principles.

2.12.17.    The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party. No party shall be deemed the drafter of this Stipulation.  The parties acknowledge that the terms of the Stipulation are contractual and are the product of arm's-length negotiations between the parties and their counsel.  Each party and their counsel cooperated in the drafting and preparation of the Stipulation.  In any construction to be made of the Stipulation, the Stipulation shall not be construed against any party.

2.12.18.    Other than necessary disclosures made to a court, the Class Representative, Defendant, and their respective counsel and other agents agree to keep the fact of settlement, this Stipulation and any attached documents, and their settlement negotiations confidential and will not disclose that information to any third party (including the press or inclusion on any websites) until such time as the Class Representative and Defendant move for preliminary approval of this Stipulation or otherwise agree in writing.  After preliminary approval, Class Counsel may say only the following on their website:  "In March 2013, we filed a Complaint on behalf of Home Loan Advisors and Account Executives against RBS Citizens, N.A.  These Home Loan Advisors and Account Executives seek overtime compensation under the Federal Fair Labor Standards Act and state law.  The resolution of the matter is pending court approval."  After preliminary approval, Class Representative, Class Counsel and their agents may communicate with Class Members; however, they shall issue no statements to the press or any other media regarding this settlement.

2.13.    *Return of All Documents.*

2.13.1.    No documents produced in connection with the Litigation shall be offered for sale or distributed to any person or entity by the Class Representative or Class Counsel.  All originals or reproductions of any documents obtained and/or given to any party, expert, consultant, or other person shall be retrieved by Class Counsel and returned to Defendant,

and all parties receiving such documents shall certify within thirty days (30) of the Effective Date, or within thirty days (30) of the date the settlement terminates as set forth in section 2.11 and its subsections, that they have returned all such documents or information and all copies thereof. The Parties, however, may agree in writing, at a future date in advance of the deadline set forth herein, to the destruction of these documents in lieu of their return.

2.13.2.    This provision and the provisions of paragraph 2.13.1 are not intended to cover work product produced by Class Counsel, but are intended to cover any documents or other materials described herein that are attached to any work product and all such documents or materials attached to work product shall be returned to Defendant. All such documents, information or materials incorporated into any work product shall be excised.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed.

Executed this 14 day of October, 2013 by:  _____
                                            SONYA ROBINSON-GIBBS

Executed this 9th day of October, 2013 by: _Sarah Hunter_
for RBS CITIZENS, N.A.

Print Name: _Sarah Hunter_

Title: _SVP & Senior Counsel_

Approved as to form and substance:

_____

Paul J. Lukas
Nichols Kaster, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2242
Telephone:  (612) 256-3200

Dated:  _10 – 9 – 13_, 2013


_____

Peter Winebrake
Winebrake & Santillo, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
Telephone:  (215) 884-2491

Dated:  _____, 2013


_____

Brendan J. Donelon
Donelon, P.C.
802 Broadway, 7th Floor
Kansas City, Missouri 64105
Telephone:  (816) 221-7100

Dated:  _10 – 9_, 2013


Attorneys for Class Representative and Class Members


Approved as to form and substance:

_____

Sam S. Shaulson
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0600
Telephone: (212) 309-6000

Sarah E. Bouchard
Morgan Lewis & Bockius  LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5080

Dated:  _____, 2013

Attorneys for Defendant


33

Approved as to form and substance:

_____

Paul J. Lukas
Nichols Kaster, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2242
Telephone:  (612) 256-3200

   Dated: _____, 2013

_____

Peter Winebrake
Winebrake & Santillo, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
Telephone:  (215) 884-2491

   Dated: _10 / 9____, 2013


_____

Brendan J. Donelon
Donelon, P.C.
802 Broadway, 7th Floor
Kansas City, Missouri 64105
Telephone:  (816) 221-7100

   Dated: _____, 2013


Attorneys for Class Representative and Class
Members

Approved as to form and substance:

_____

Sam S. Shaulson
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0600
Telephone: (212) 309-6000

Sarah E. Bouchard
Morgan Lewis & Bockius  LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone:  (215) 963-5080

   Dated: _____, 2013

Attorneys for Defendant

33

Approved as to form and substance:

_____
Paul J. Lukas
Nichols Kaster, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2242
Telephone:  (612) 256-3200


Dated:  _____, 2013


_____
Peter Winebrake
Winebrake & Santillo, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
Telephone:  (215) 884-2491


Dated:  _____, 2013


_____
Brendan J. Donelon
Donelon, P.C.
802 Broadway, 7th Floor
Kansas City, Missouri 64105
Telephone:  (816) 221-7100


Dated:  _____, 2013


Attorneys for Class Representative and Class
Members

Approved as to form and substance:

_____
Sam S. Shaulson
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0600
Telephone: (212) 309-6000


Sarah E. Bouchard
Morgan Lewis & Bockius  LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone:  (215) 963-5080


Dated:  _____, 2013


Attorneys for Defendant

33

# EXHIBIT 1

## NOTICE OF PENDENCY

## OF CLASS ACTION

**NOTICE TO CLASS MEMBERS REGARDING PENDENCY OF A CLASS AND COLLECTIVE ACTION AND NOTICE OF HEARING ON PROPOSED SETTLEMENT**

SONYA ROBINSON-GIBBS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

RBS CITIZENS, N.A., d/b/a CCO Mortgage
Charter One, and Citizens Bank,

Defendant.

District of Rhode Island, Civil Action No. 13-00182

_____

**ELIGIBLE CLAIMANTS ARE HEREBY NOTIFIED AS FOLLOWS:**

A proposed settlement (the "Settlement") has been reached in the above-referenced class and collective action lawsuit currently pending in the United States District Court for the District of Rhode Island captioned *Robinson-Gibbs v. RBS Citizens, N.A. d/b/a CCO Mortgage, Charter One, and Citizens Bank*, Case No. 1:13-cv-00182-M-PAS ("the action"). Because your rights may be affected by this Settlement, it is extremely important that you read this Notice carefully.

As explained in more detail below, to receive a portion of the Settlement, you must file a claim so that it is received by the Claims Administrator with a postmark date on or before **[** INSERT DATE **]**. If you fail to file and properly submit a timely claim, you will receive nothing under the Settlement. Additionally, if you worked for RBS Citizens, N.A. ("RBS Citizens") in Ohio or Rhode Island and you do not timely opt-out, you will be bound by the release of any state law claims described in this Notice even if you do not properly submit a timely claim and receive nothing under the Settlement.

**A.     PURPOSE OF THIS NOTICE**

The Court has certified, for settlement purposes only, the following class (the "class"):

> All individuals who were employed by RBS Citizens, N.A. in Ohio or Rhode Island in the position of Home Loan Advisor or Account Executive during all or part of the applicable "Class Period" (as explained in Paragraph C.4 below).

The Court has also certified, for settlement purposes only, the following Collective Action (the "Collective Action"):

> All individuals who were employed by RBS Citizens, N.A. in the position of Home Loan Advisor or Account Executive from May

2

31, 2010 through May 1, 2011 and who opt in to the settlement by [**INSERT DATE**].

According to RBS Citizens' records, you are a member of the Class and/or Collective Action ("Class Member").  The purpose of this Notice is to inform you about the proposed Settlement and to explain your rights and options with respect to the Litigation and the Settlement.

## B.    **DESCRIPTION OF THE LITIGATION**

On March 21, 2013, Sonya Robinson-Gibbs ("Plaintiff" or "Class Reprsentative") commenced a proposed collective action against Defendant in the United States District Court for the District of Rhode Island, captioned *Robinson-Gibbs v. RBS Citizens, N.A. d/b/a CCO Mortgage, Charter One, and Citizens Bank*, Case No. 1:13-cv-00182-M-PAS (the "Civil Action"), alleging that RBS Citizens violated the Fair Labor Standards Act (the "FLSA").  On July 23, 2013, Plaintiff filed an Amended Complaint, adding additional class action claims for overtime wages under the state wage and hour laws of Ohio and Rhode Island.  The parties subsequently reached this Settlement.

In the Litigation, the Plaintiff alleges that she and the Class Members were misclassified as exempt from federal and certain state overtime and other wage and hour laws, and improperly denied compensation for overtime hours they worked, including interest and penalties. Defendant denies the Plaintiff's allegations and maintains that it properly classified Class Members as exempt employees under the FLSA, and properly compensated the Class Members; that Class Members were not entitled to overtime; and that Defendant complied with all applicable state and federal laws with respect to the payment of Class Members.

The parties in this Litigation disagree as to the probable outcome of the Litigation with respect to liability and damages if it were not settled.  While the Class Representative was prepared to proceed with litigating the case described above, the Class Representative recognizes that litigating is a risky proposition and that she may not have prevailed on any or all of her claims.  Likewise, while Defendant was confident that it had strong legal arguments and factual arguments that would resolve the Class Representative's claims in Defendant's favor, it recognizes the risks, distractions, and costs involved with litigation.

This Settlement is the result of good-faith, arm's-length negotiations between the Class Representative and Defendant, through their respective attorneys.  Both sides agree that in light of the risks and expense associated with continued litigation, this Settlement is fair and appropriate under the circumstances, and in the best interests of the Class Members.  Please be advised that the Court has not ruled on the merits of the Class Representative's claims or Defendant's defenses.

The attorneys for the Class and Collective Action in the Litigation ("Class Counsel") are:

Paul J. Lukas                                    Peter Winebrake
Tim C. Selander                                  R. Andrew Santillo
NICHOLS KASTER, PLLP                             Winebrake & Santillo, LLC
4600 IDS Center, 80 South 8th Street             Twining Office Center, Suite 211
Minneapolis, MN 55402                            715 Twining Road
Telephone:  (612) 256-3200                       Dresher, PA 19025
Email: selander@nka.com

Brendan J. Donelon
Donelon, P.C.
802 Broadway, 7th Floor
Kansas City, Missouri 64105

The attorneys for Defendant are:

Sarah E. Bouchard                                Samuel S. Shaulson
MORGAN LEWIS & BOCKIUS LLP                       MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street                               101 Park Avenue
Philadelphia, PA 19103-2921                      New York, New York  10178
Phone: (215) 963-5000                            Phone: (212) 309-6000

On **[\*\* INSERT DATE\*\*]**, the Court granted preliminary approval of the proposed Settlement.  The Court will decide whether to give final approval to the proposed Settlement at a hearing scheduled for **[\*\* INSERT DATE\*\*]** ("Final Approval Hearing").  See Paragraph I below for details.

## C.    SUMMARY OF TERMS OF THE PROPOSED SETTLEMENT

Subject to Court approval, the terms of the Settlement are as follows:

1.    Defendant will pay $295,000 (the "Maximum Settlement Amount") to pay:  (a) the timely claims of Class Members; (b) Class Counsel's fees and litigation costs; (c) an enhanced award to the Class Representative; (d) employee taxes; and (e) $10,000 towards the costs of administering the Settlement.

2.    After deduction from the Settlement Amount for attorneys' fees, litigation costs, enhanced awards to the Class Representatives, and $10,000 in costs of administering the Settlement, from the remaining amount (the "Net Settlement Amount"), Defendant will make a settlement payment to each Class Member who properly submits a timely Consent to Join Settlement Form (enclosed with this Notice as Form A).

3.    The parties have agreed to an approach that they believe fairly allocates the Settlement Amount between and among the Class Members.  On **[\*\*INSERT DATE\*\*]**, the Court preliminarily approved the recommended allocation formula.

4

4.     The allocation is based on each Class Member's weeks worked in the Home Loan Advisor or Account Executive position within the eligibility period.  This eligibility period is the longer of (a) three years back from the date the Class Member filed a consent to join the action through May 1, 2011, or (b) May 31, 2010 through May 1, 2011.  The allocation also provides that the allocations of Class Members who do not file timely claims will be returned to RBS Citizens, N.A.

5.     Class Counsel will ask the Court to award costs as well as attorneys' fees in an amount not to exceed $98,333.33 (i.e., 33% of the Settlement Amount), which will be paid from the Settlement Amount.  However, the share of attorneys' fees attributable to the allocations of Class Members who do not file timely claims will be returned to RBS Citizens.  In addition, Class Counsel will ask the Court to authorize an enhanced award of $3,000 to the Class Representative .

6.     Each Class Member who worked for RBS Citizens, N.A. in Ohio or Rhode Island and who does not request exclusion from the Settlement in accordance with Paragraph E below is deemed to fully and finally release and discharge RBS Citizens, N.A. and its current, former, and future affiliates (including without limitation parents and subsidiaries), predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, personal or legal representatives ("Defendant Releasees"), from any and all known and <u>unknown</u> wage and hour claims, including but not limited to all claims for overtime compensation, minimum wages, deductions from pay, meal and rest breaks, retaliation, penalties and interest under any and all applicable state and local laws, as well as the common law, and any other claims premised upon alleged wage and hour violations from the beginning of their employment with RBS Citizens through [PRELIM APPROVAL DATE].  This release of claims shall include any and all applicable state law wage and hour claims, obligations, demands, actions, rights, causes of action, and liabilities against Defendant Releasees, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, statute, or other applicable law, <u>whether known or unknown</u>, and whether anticipated or unanticipated, including claims that the Class Member does not know or suspect to exist in his or her favor at the time of the entry of the Court's Judgment in the Litigation, that accrued prior to [PRELIM APPROVAL DATE], for any type of relief, including without limitation claims for wages, damages, premium pay, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims asserted in the Litigation which arise under the law of any state; (b) any and all claims under applicable state laws for the failure to pay any type of overtime compensation or minimum wage; (c) any and all claims under applicable state laws for the failure to provide or pay for meal breaks and/or rest periods; (d) any and all claims under applicable state laws stemming from or based on the alleged misclassification of Home Loan Advisors or Account Executives as exempt employees; (e) any and all claims, including without limitation state statutory and common law claims, alleging unlawful imposition, deduction, or chargeback from compensation for expenses or costs under applicable state laws; (f) any and all claims, including without limitation state statutory and common law claims, for failure to reimburse, indemnify, cover or pay for business costs and/or deductions; and (g) any and all claims for penalties or additional damages which allegedly arise from the claims described in (a) through (f) above under any applicable law (collectively

5

"Released State Law Claims"). The Released State Law Claims include claims meeting the above definition under any and all applicable statutes, regulations, or common law.

7.    In addition, each Class Member who properly submits a timely Consent to Join Settlement Form is deemed to fully and finally release and discharge Defendant Releasees from any and all federal claims, obligations, demands, actions, rights, causes of action, and liabilities against Defendant Releasees, of whatever kind and nature, character and description, <u>whether known or unknown</u>, and whether anticipated or unanticipated, including claims that are <u>unknown</u>, by the Class Member that accrued prior to [PRELIM APPROVAL DATE], for any type of relief, including without limitation claims for wages, damages, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on any and all claims arising under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.* (collectively "Released Federal Law Claims").

## D.    TO RECEIVE A SETTLEMENT PAYMENT

In order to receive a payment under the Settlement, you must complete, sign, and return the enclosed Consent to Join Settlement Form (enclosed with this Notice as Form A) to the Claims Administrator at the address listed below.  <u>Your Claim Form must be received by the Claims Administrator with a postmark date on or before **[\*\*INSERT DATE\*\*]**.  Late or incomplete Claim Forms will not be honored.</u>

The Claims Administrator is **Rust Consulting, Inc**.  Forms sent to it should be sent in the enclosed postage-paid envelope, by fax, email, or in an envelope addressed as follows:

> Robinson-Gibbs Settlement Administrator
> c/o Rust Consulting, Inc.
> PO Box XX
> Minneapolis, MN XXXXX
> Telephone: _____
> Fax: _____
> Email:_____

To be effective, the Consent to Join Settlement Form must be completed in full and signed under penalty of perjury.  <u>The Consent To Join Settlement Form must be received by the Claims Administrator with a postmark date on or before **[\*\*INSERT DATE\*\*]**.</u>

## E.    TO REQUEST EXCLUSION FROM THE SETTLEMENT

If you worked for RBS Citizens in Ohio or Rhode Island, do not want to participate in the Settlement, and wish to retain your right to pursue your own independent action, you must complete and mail the enclosed Election to Opt Out of Settlement and Class Action (enclosed with this Notice as Form C) to the Claims Administrator.  In order to be valid, your completed Election to Opt Out of Settlement and Class Action must be received  by the Claims Administrator with a postmark date on or before **[\*\* INSERT DATE \*\*]**.

If you properly submit a timely Election to Opt Out of Settlement and Class Action, you will not be eligible to receive any of the benefits under the Settlement. You will, however, retain whatever legal rights you may have against Defendant with regard to the Released State Law Claims and Released Federal Law Claims.

**F.    TO OBJECT TO THE SETTLEMENT**

If you do not request exclusion from the settlement but believe the proposed Settlement is unfair or inadequate in any respect, you may object to the Settlement, by filing a written objection with the Court and mailing a copy of your written objection to Class Counsel, Counsel for Defendant, and the Claims Administrator at the following addresses:

Class Counsel

NICHOLS KASTER, PLLP c/o Timothy C. Selander
RBS Citizens Objections
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402

Defendant's Counsel

MORGAN, LEWIS & BOCKIUS LLP c/o Sarah E. Bouchard
RBS Citizens Objections
1701 Market Street
Philadelphia, PA 19103-2921

Claims Administrator

Robinson-Gibbs Settlement Administrator
c/o Rust Consulting, Inc.
PO Box XX
Minneapolis, MN XXXXX

All objections must be signed and set forth your address, telephone number, and the name of the Litigation. Your objection should clearly explain why you object to the proposed Settlement and must state whether you or someone on your behalf intends to appear at the Final Approval Hearing. All objections must be filed with the Court, and received by Class Counsel and Counsel for Defendant, by no later than **[** INSERT DATE **].** If you submit a timely objection, you may appear, at your own expense, at the Final Approval Hearing, discussed below.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees, litigation costs, the enhanced awards to the Class Representative, the claims process, and any and all other aspects of the Settlement.

<u>Regardless of whether you file an objection, in order to receive any proceeds under the Settlement, you must properly submit a timely Consent to Join Settlement Form.</u>

Likewise, regardless of whether you attempt to file an objection, if you worked for RBS Citizens in Ohio or Rhode Island, you will be deemed to have released all of the Released State Law Claims against Defendant Releasees as set forth in Paragraph C.6 above unless you request exclusion from the Settlement in accordance with Paragraph E above.

**G.    IF YOU DO NOTHING**

If you do nothing in response to this Notice, you will not receive any proceeds under the Settlement, but if you worked for RBS Citizens in Ohio or Rhode Island, you will be deemed to have released all of the Released State Law Claims against Defendant Releasees as set forth in Paragraph C.6 above.

**H.    TAXES**

For tax reporting purposes, any payments made pursuant to the Settlement shall be allocated as follows:  (a) fifty percent (50%) shall be deemed payment in settlement of claims for unpaid wages; and (b) fifty percent (50%) shall be deemed payment in settlement of claims for penalties, liquidated damages, interest, and all other non-wage recovery.  With respect to the portion of payment allocated to the settlement of claims for unpaid wages, such portion will be subject to required withholdings and deductions by the Claims Administrator and will be reported as wage income on a Form W-2 to be issued by the Claims Administrator, and such other state or local tax reporting forms as may be required by law.  With respect to the portion of payment allocated to the settlement of claims for non-wage recovery, such amounts will not be subject to withholding or deduction and will be reported as non-wage income on a Form 1099 or equivalent to be issued by the Claims Administrator, and such other state or local tax reporting forms as may be required by law.

If you have any questions regarding the tax treatment of any payments pursuant to the Settlement, you should consult your own tax advisor.

**I.    FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT**

The Court will hold a Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the plan of distribution, Class Counsel's request for attorneys' fees and costs, the administrative costs, and the enhanced award to the Class Representative on [**INSERT DATE AND TIME**] in Courtroom [**INSERT**] of the United States District Court for the District of Rhode Island, located at Federal Building and Courthouse, One Exchange Terrace, Providence, RI 02903.  The Final Approval Hearing may be continued without further notice to Class Members.

**J.    ADDITIONAL INFORMATION**

This Notice only summarizes the Litigation, the Settlement, and other related matters. For more information, you may review the Court's files, including the detailed Stipulation and Settlement Agreement, which will be on file with the Clerk of the Court.  The pleadings and

other records in this Litigation including the Stipulation and Settlement Agreement, may be examined at the Records Office of the Clerk of the United States District Court, located at Federal Building and Courthouse, One Exchange Terrace, Providence, RI 02903.

Any questions regarding this Notice or the enclosed forms should be directed to the Claims Administrator at the address and telephone number listed in Paragraph D, above.  If your address changes, or is different from the one on the envelope enclosing this Notice, please promptly notify the Claims Administrator as instructed in Paragraph K below.

**K.**      **<u>IF YOU CHANGE YOUR NAME OR ADDRESS</u>**

If, for future reference and mailings from the Court or Claims Administrator, you wish to change the name or address listed on the envelope in which the Class Notice was first mailed to you, then you must fully complete, execute, and mail the Change of Name and/or Address Information Form (enclosed with this Notice as Form B).

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

# FORM 1-A

## CONSENT TO JOIN SETTLEMENT FORM

INSERT PLAINTIFF NAME

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

---

Sonya Robinson-Gibbs, on behalf of herself
and those similarly situated,

                 Plaintiff,                 Civil Action No.: 1:13-cv-00182-M-DLM

v.

RBS Citizens, N.A., d/b/a CCO Mortgage
Charter One, and Citizens Bank,

                 Defendant.

---

**Instructions**: Please complete this Consent to Join Settlement Form if you want to participate in the Settlement that is described in the Notice to Class Members Regarding Pendency of a Class and Collective Action and Notice of Hearing on Proposed Settlement ("Class Notice") that accompanies this Form. In order to participate in the Settlement, you must complete this Form including all of the information requested (including the last four digits of your Social Security Number, so that your information can be matched with RBS Citizens, N.A.'s records) and submit this Form so that it is received by the Claims Administrator with a postmark date on or before **[\*\* INSERT DATE \*\*]**.

## I.     CONSENT TO JOIN SETTLEMENT CLASS

By signing and submitting this form to the Claims Administrator, I hereby consent in writing to become a party plaintiff in the above action pursuant to Section 16(b) of the Fair Labor Standards Act, and authorize Class Counsel (as defined in Section B of the Notice to Class Members Regarding Pendency of a Class and Collective Action and Notice of Hearing on Proposed Settlement) to act on my behalf in all matters relating to this action, including the settlement of my claims. I understand that by submitting this form to the Claims Administrator by **INSERT DATE** that I wish to receive my share of the proposed settlement which will be approximately **$INSERT**.

## II.    YOUR WORK HISTORY AT RBS CITIZENS, N.A.

The amount of your Settlement Payment is based on the number of weeks you were employed by RBS Citizens, N.A. ("RBS Citizens") as a Home Loan Advisor or Account Executive during the applicable time period set forth in the attached Notice (the "Class Period").

## III.    RELEASE OF CLAIMS

A. I hereby fully and finally release and discharge RBS Citizens, N.A. and its affiliates (including without limitation parents and subsidiaries), predecessors, successors, divisions, joint

INSERT PLAINTIFF NAME

ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, personal or legal representatives ("Defendant Releasees"), from any and all known and unknown wage and hour claims, including but not limited to all claims for overtime compensation, minimum wages, deductions from pay, meal and rest breaks, retaliation, penalties and interest under any and all applicable state and local laws, as well as the common law, and any other claims premised upon alleged wage and hour violations from the beginning of their employment with RBS Citizens through [PRELIM APPROVAL DATE]. This release of claims shall include any and all applicable state law wage and hour claims, obligations, demands, actions, rights, causes of action, and liabilities against Defendant Releasees, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, statute, or other applicable law, whether known or unknown, and whether anticipated or unanticipated, including claims that I did not know or suspect to exist in my favor at the time of the entry of the Court's Judgment in the Litigation, by me that accrued prior to [PRELIM APPROVAL DATE] for any type of relief, including without limitation claims for wages, damages, premium pay, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims asserted in the Litigation that arise under the law of any state; (b) any and all claims under applicable state laws for the failure to pay any type of overtime compensation or minimum wage; (c) any and all claims under applicable state laws for the failure to provide or pay for meal breaks, and/or rest periods; (d) any and all claims under applicable state laws stemming from or based on the alleged misclassification of Home Loan Advisors or Account Executives as exempt employees; (e) any and all claims, including without limitation state statutory and common law claims, alleging unlawful imposition, deduction, or chargeback from compensation for expenses or costs under applicable state laws; (f) any and all claims, including without limitation state statutory and common law claims, for failure to reimburse, indemnify, cover or pay for business costs and/or deductions; and (g) all claims for penalties or additional damages which allegedly arise from the claims described in (a) through (f) above under any applicable law (collectively "Released State Law Claims"). The Released State Law Claims include claims meeting the above definition under any and all applicable statutes, regulations, or common law.

B.  I additionally hereby release and discharge Defendant Releasees from any and all federal claims, obligations, demands, actions, rights, causes of action, and liabilities against Defendant Releasees, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, including claims that I do not know or suspect to exist in my favor at the time of the entry of the Court's Judgment in the Litigation, that accrued prior to [PRELIM APPROVAL DATE] for any type of relief, including without limitation claims for wages, damages, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on any and all claims arising under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, et seq. (collectively "Released Federal Law Claims").

## IV.  <u>MAILING INSTRUCTIONS</u>

Please return this completed Consent to Join Settlement Form to the Claims Administrator in the enclosed postage-paid envelope, or at the contact information listed below.

INSERT PLAINTIFF NAME

You may also fax it to the Claims Administrator at **[INSERT]** or email it to the Claims Administrator at **[INSERT]**.  Your completed Consent to Join Settlement Form must be received by the Claims Administrator with a postmark date on or before **[**INSERT DATE**]** or else you will forfeit your benefits under this Settlement.  Even if you file an objection to the Settlement, you must submit this Form by the deadline in order to receive any benefits under the Settlement if your objection is overruled.  The address of the Claims Administrator is:

> Robinson-Gibbs Settlement Administrator
> c/o Rust Consulting, Inc.
> PO Box XX
> Minneapolis, MN XXXXX
> Fax:
> Email:

**V.      PLEASE SIGN BELOW AND RETURN FORM TO CLAIMS ADMINISTRATOR**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____          _____
                                (Signature)

                                _____
                                (Print First and Last Name)

                                _____
                                (Last Four Digits of Social Security Number)

**If you have any questions about completing this Consent to Join Settlement Form, please call the Claims Administrator at (___) _____.**

# FORM 1-B

# CHANGE OF NAME AND/OR ADDRESS FORM

## <u>CHANGE OF NAME AND/OR ADDRESS INFORMATION</u>

SONYA ROBINSON-GIBBS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

RBS CITIZENS, N.A., d/b/a CCO Mortgage
Charter One, and Citizens Bank,

Defendant.

District of Rhode Island, Civil Action No. 13-00182

_____

**<u>Instructions</u>**: Please complete this Form <u>only</u> if you wish to change your name and/or mailing address information.

<u>Former name and mailing address:</u>

Name (first, middle and last):_____

Home Street Address: _____

City, State, Zip Code: _____

Home Telephone Number: (_____) _____

Social Security Number: _____

<u>New name and/or mailing address:</u>

Name (first, middle and last):_____

Home Street Address: _____

City, State, Zip Code: _____

Home Telephone Number: (_____) _____

     I understand that all future correspondence in this action, including but not necessarily limited to important notices or payments to which I am entitled (if any), will be sent to the new address listed above and not to the address previously used.  I hereby request and consent to the use of the address listed above for these purposes.

Dated: _____        _____
                                        (Signature)

                                        _____
                                        (Print Name)

PLEASE RETURN THIS FORM TO:

          Robinson-Gibbs Settlement Administrator
          c/o Rust Consulting, Inc.
          PO Box XX
          Minneapolis, MN XXXXX
          Fax:
          Email:

# FORM 1-C

# ELECTION TO OPT OUT OF SETTLEMENT FORM

**ELECTION TO OPT OUT OF SETTLEMENT AND CLASS ACTION**

SONYA ROBINSON-GIBBS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

RBS CITIZENS, N.A., d/b/a CCO Mortgage
Charter One, and Citizens Bank,

Defendant.

District of Rhode Island, Civil Action No. 13-00182

_____

**Instructions**: Please complete this Form only if you do <u>not</u> want to participate in the Settlement that is described in the Notice to Class Members Regarding Pendency of a Class and Collective Action and Notice of Hearing on Proposed Settlement ("Class Notice") that accompanies this Form. If you choose to complete this Form, you must include all of the information requested (including your Social Security Number, so that your information can be matched with RBS Citizens N.A.'s records) and submit it so that it is received by the Claims Administrator with a postmark date on or before **[** INSERT DATE **]**.

I.      PERSONAL INFORMATION

    Name (first, middle, and last):_____

    Home Street Address: _____

    City, State, Zip Code: _____

    Home Telephone Number: (____) _____

    Social Security Number: _____

II.    <u>REQUEST FOR EXCLUSION</u>

By signing and returning this Form, I certify that I have carefully read the Class Notice and that I wish to be excluded from the Class described therein. <u>I understand this means that I will not receive any money or other benefits under the Settlement and cannot object to the Settlement.</u>

III.    <u>MAILING INSTRUCTIONS</u>

If you choose to return this Form, it must be received by the Claims Administrator with a postmark date on or before **[\*\* INSERT DATE \*\*]**, at the address listed below:

> Robinson-Gibbs Settlement Administrator
> c/o Rust Consulting, Inc.
> PO Box XX
> Minneapolis, MN XXXXX

In addition, copies of this Form must be received by the Class Counsel and Counsel for Defendant with a postmark date on or before **[\*\* INSERT DATE \*\*]** at the addresses listed below:

> **<u>Class Counsel:</u>**
>
> NICHOLS KASTER, PLLP c/o Timothy C. Selander
> RBS Citizens Objections
> 4600 IDS Center
> 80 South 8th Street
> Minneapolis, MN 55402
>
> **<u>Counsel for Defendant:</u>**
>
> MORGAN, LEWIS & BOCKIUS LLP c/o Sarah E. Bouchard
> RBS Citizens Objections
> 1701 Market Street
> Philadelphia, PA 19103-2921

IV.    <u>PLEASE SIGN BELOW.</u>

I certify that the foregoing statements made by me are true and correct.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated: _____                    _____
                                                                              (Signature)


                                                          _____
                                                                              (Print Name)

# FORM 1-D

## LETTER FROM CLAIMS ADMINISTRATOR TO CLASS MEMBERS THAT SUBMIT OPT-IN AND OPT-OUT FORMS

==[CLAIMS ADMINISTRATOR LETTERHEAD]==

==[DATE]==

==CLASS MEMBER NAME==
==Street Address==
==City, State Zip==

**Re:**    <u>**Settlement in Robinson-Gibbs v. RBS Citizens, N.A.**</u>
      **U.S. District Court, District of Rhode Island, No. 13-00182**

Dear ==[NAME]==:

      It appears that you have submitted inconsistent documentation with respect to whether you intend to participate in the above-referenced class and collective action settlement. Specifically, you have submitted an Election to Opt Out of Settlement and Class Action form <u>and</u> you have also submitted a Consent to Join Settlement Form.

      Please complete the information below to indicate whether it is your intention to participate in the settlement, and return this form by **==INSERT DATE==** to

        Robinson-Gibbs Settlement Administrator
        c/o Rust Consulting, Inc.
        PO Box XX
        Minneapolis, MN XXXXX
        Fax:
        Email:

If this completed Form is not received by **==INSERT DATE==**, you will be deemed to have elected to opt into and participate in the settlement.

**I.    <u>PERSONAL INFORMATION</u>**

Name (first, middle and last):_____

Home Street Address:  _____

City, State, Zip Code:  _____

Home Telephone Number: (____) _____

Social Security Number: _____

II.    **PLEASE CHOOSE ONE (AND ONLY ONE) OF THE FOLLOWING OPTIONS:**

        _____        I elect to opt out of participating in the settlement.  I understand this means that I will not receive any money or other benefits under the Settlement.

        _____        I elect to participate in the settlement.  I understand that this means I am releasing all claims I have against RBS Citizens, N.A. and the Defendant Releasees, which are defined in the Notice to Class Members Regarding Pendency of a Class and Collective Action and Notice of Hearing on Proposed Settlement that I previously have received and read.

III.    **PLEASE SIGN BELOW.**

    I certify that the foregoing statements made by me are true and correct.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: _____               _____
                                        (Signature)

                                        _____
                                        (Print Name)

        **Return this form by ==INSERT DATE== to**

                **Robinson-Gibbs Settlement Administrator**
                **c/o Rust Consulting, Inc.**
                **PO Box XX**
                **Minneapolis, MN XXXXX**        **Fax:**
                **Email:**

# EXHIBIT 2

# FULL AND GENERAL RELEASE OF CLAIMS (OHIO)

## GENERAL AND COMPREHENSIVE RELEASE OF CLAIMS

This General and Comprehensive Release of Claims is made by and between Sonya Robinson-Gibbs, on the one hand, and RBS CITIZENS, N.A. (hereinafter, "Defendant") on the other hand.

WHEREAS, Sonya Robinson-Gibbs is a named plaintiff and class representative in the matter of *Robinson-Gibbs v. RBS Citizens, N.A. d/b/a CCO Mortgage, Charter One, and Citizens Bank*, D.R.I. Case No. 1:13-cv-00182-M-PAS (the "Litigation");

WHEREAS, through their respective counsel, the parties to the Litigation, have signed a Stipulation and Settlement Agreement for the purpose of settling the Litigation on a collective and class-wide basis; and

WHEREAS, Paragraph 2.9.4 of the Stipulation and Settlement Agreement provides that Sonya Robinson-Gibbs, as a named plaintiff in the Litigation, shall be entitled to compensation and consideration of an amount approved by the court not to exceed $3,000 ("Enhancement Payment") and shall be required to sign this full, general, and comprehensive release of claims as set forth in Paragraph 2.9.4 of the Stipulation and Settlement Agreement;

NOW, THEREFORE, after having had an opportunity to consult with counsel, and in consideration of receiving an Enhancement Payment as set forth in Paragraph 2.9.4 of the Stipulation and Settlement Agreement, Sonya Robinson-Gibbs hereby agrees to waive and release any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against RBS Citizens, N.A. and its current, former, and future affiliates (including, without limitation, their parents and subsidiaries), predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives ("Defendant Releasees"), of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, including Unknown Claims, arising during the period from the beginning of Sonya Robinson-Gibbs's dates of

employment at RBS Citizens, N.A. to the date on which the Court enters the Order of Final Approval in the Litigation, for any type of relief, including, without limitation, claims for overtime compensation, minimum wages, wages of any kind, damages, back pay, front pay, unpaid costs, meal and rest, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief.  Such waiver and release includes, but is not limited to, claims arising from or dependent upon any and all applicable federal, state, and local laws and regulations including, but not limited to, claims arising from or dependent on the Ohio Fair Employment Practices Law/Civil Rights Act, Ohio Rev. Code Ann. §§ 4112.01, *et seq.*; the Ohio Equal Pay Act, Ohio Rev. Code Ann. § 4111.13, 4111.17 and 4111.99; the Ohio Whistleblower Law, Ohio Rev. Code Ann. §§ 4113.51 through 4113.99; the Ohio Pregnancy Discrimination/Maternity Leave Act, Ohio A.D.C. § 4112-5-05(g); the Ohio Wage Payment Law, Ohio Rev. Code Ann. §§ 4113.15, *et seq.*; the Ohio Minimum Wage/Fair Standards Law, Ohio Rev. Code. Ann. §§ 4111.01, *et seq.*; Ohio Constitution Art. II, § 34 & 34a; the common law of the state of Ohio; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*; the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*; the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*; the Veterans Reemployment Rights Act; the Family and Medical Leave Act; 28 U.S.C. § 1981; the Occupational Safety and Health Act; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.*; and all of their implementing regulations.  This release expressly excludes any claims already asserted against the FDIC that do not relate to the claims asserted in the Litigation.

In waiving and releasing any and all claims set forth in this Agreement, whether or not now known to Sonya Robinson-Gibbs, Sonya Robinson-Gibbs understands that this means that, if Sonya Robinson-Gibbs later discovers facts different from or in addition to those facts currently known or believed to be true by Sonya Robinson-Gibbs, the waivers and releases of this Agreement will remain effective in all respects – despite such different or additional facts and even if Sonya Robinson-Gibbs would not have agreed to this General and Comprehensive Release of Claims if Sonya Robinson-Gibbs had prior knowledge of such facts.  Sonya

Robinson-Gibbs expressly, knowingly, and intentionally waives the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims.

IN WITNESS WHEREOF, after carefully reading this Agreement in its entirety and fully understanding the significance of all of its terms and provisions, and intending to be legally bound, Sonya Robinson-Gibbs hereby executes the foregoing General and Comprehensive Release of Claims this _____ day of _____, 2013.

_____
Sonya Robinson-Gibbs

# EXHIBIT 3

## PROPOSED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

---

Sonya Robinson-Gibbs, on behalf of herself,
and those similarly situated,

                    Plaintiff,                Civil Action No.: 1:13-cv-00182-M-DLM

v.

RBS Citizens, N.A., d/b/a CCO Mortgage
Charter One, and Citizens Bank,

                    Defendant.

---

**[PROPOSED] ORDER GRANTING PRELIMINARY**
**APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

AND NOW, this _____ day of _____, 2013, upon consideration of the Plaintiff's Unopposed Motion for Preliminary Class and Collective Action Settlement Approval, the Court hereby grants the Motion and ORDERS as follows:

1.      The Parties' Stipulation and Settlement Agreement is preliminarily approved as fair, reasonable and adequate;

2.      For settlement purposes only, the following collective action is conditionally certified pursuant to 29 U.S.C. § 216(b), pending final approval of the settlement: all individuals who worked at Defendant RBS Citizens, N.A.'s Ohio or Rhode Island Home Lending Solutions Centers as Home Loan Advisors or Account Executives at any time between May 31, 2010 and May 1, 2011;

3.      For settlement purposes only, the following Settlement Class is provisionally certified pursuant to Fed. R. Civ. P. 23, pending final approval of the settlement: all individuals who worked at Defendant RBS Citizens, N.A.'s Home Lending Solutions Centers as Home Loan

Advisors or Account Executives in Ohio or Rhode Island at any time between May 31, 2010 and May 1, 2011;

4.      Nichols Kaster, PLLP, Donelon, P.C., and Winebrake & Santillo, LLC are appointed as Class Counsel for the Settlement Class;

5.      The Court approves Rust Consulting, Inc. as Claims Administrator;

6.      The proposed Notice Regarding Pendency of Class Action, including all exhibits, is approved, and shall be sent out pursuant to the terms of the Stipulation and Settlement Agreement;

7.      The Court will conduct a Final Approval Hearing on _____, 2013, at ____ a.m./p.m. to determine the overall fairness of the settlement and to fix the amount of attorneys' fees and costs to Class Counsel and an Enhancement Award to the Class Representative.  The Final Approval Hearing may be continued without further notice to Class Members.  Class Counsel shall file their motion for Attorneys' Fees, Costs, and an Enhancement Award to the Class Representative on or before _____, 2013; and

8.      This Order is not admissible as evidence for any purpose against Defendant in any pending or future litigation.  This Order shall not be construed or used as support for conditional certification or certification of any class or collective action.  This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability and Defendant specifically denies any such fault, breach, liability, or wrongdoing.  This Order shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendant to class certification, in the event that the Stipulation and Settlement Agreement is terminated.  Moreover, the Stipulation and

Settlement Agreement and any proceedings taken pursuant to the Stipulation and Settlement

Agreement are for settlement purposes only.  Neither the fact of, nor any provision contained in

the Stipulation and Settlement Agreement or its exhibits, nor any actions taken thereunder shall

be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence

of a presumption, concession, or admission of any kind as to the truth of any fact alleged or

validity of any defense that has been, could have been, or in the future might be asserted.

BY THE COURT,

_____
Honorable John J. McConnell, Jr.
United States District Judge

# EXHIBIT 4

# CAFA LETTER

[DEFENSE COUNSEL LETTERHEAD]

[DATE]

[STATE] Attorney General [NAME]
Office of the [STATE] Attorney General
[ADDRESS]

Re:    Sonya Robinson-Gibbs v. RBS Citizens, N.A., Civ. No. 13-00182 – Notice pursuant to 28 U.S.C. §1715

Dear [NAME]:

RBS Citizens, N.A. provides this notice pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715. Pursuant to CAFA, you are not required to comment on the settlement. However, if you wish to comment, you must do so within ninety (90) days of being served with this notice. *See* 28 U.S.C. §1715(d).

The parties filed a Joint Stipulation and Settlement Agreement with the Court on [INSERT DATE]. The Court has not yet scheduled a hearing for final approval of the settlement. In accordance with CAFA, Defendant encloses the following documents in Appendix A:

(1)    copies of the Collective and Class Action Complaint and Amended Collective and Class Action (the latter being the operative complaint in the above-referenced matter);

(2)    the proposed forms of notification to class members of the proposed class and collective action settlement, which include the Notice to Class Members Regarding Pendency of a Class Action and Notice of Hearing on Proposed Settlement, the Consent to Join Settlement Form, and the Election to Opt-Out Form;

(3)    the Joint Stipulation of Class and Collective Action Settlement in this action;

(4)    the Memorandum of Understanding between the parties, dated July 15, 2013; and

(5)    a list of class members identified from Defendant's available records, as of [INSERT DATE], as residing in your state.

Under the terms of the proposed Settlement Agreement, the formula for allocation of the Net Settlement Amount will be based upon each Class Member's weeks worked as a home loan advisor or account executive for RBS Citizens, N.A. during the applicable limitations period for the state(s) in which the class member worked (*see* Stipulation and Settlement Agreement at § 2.2.1). It is estimated that the proportionate share of the claims of the class members who reside in your state is [XX%].

If you have questions about this notice, the lawsuit or the enclosed materials, or if you did not receive any of the above-listed materials, please contact counsel for Defendant and Plaintiffs' counsel listed in the enclosed document.

Sincerely,


[DEFENSE COUNSEL]

Enclosure

Cc: all counsel of record

# EXHIBIT 5

## PROPOSED ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

Sonya Robinson-Gibbs, on behalf of herself,
and those similarly situated,

                    Plaintiff,             Civil Action No.: 1:13-cv-00182-M-PAS

v.

RBS Citizens, N.A., d/b/a CCO Mortgage
Charter One, and Citizens Bank,

                    Defendant.

---

**[PROPOSED] ORDER GRANTING FINAL
APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

      AND NOW, this _____ day of _____, 2013, upon consideration of the

Parties' Joint Motion for Final Class and Collective Action Settlement Approval, the Court

hereby grants the Motion and ORDERS as follows:

      The Parties' Motion for Final Approval of Class and Collective Action Settlement and

Plaintiff's Unopposed Motion for Attorneys' Fees, Costs, and Enhancement Award to the Class

Representative came before this Court on _____, 2013.  The proposed settlement in this

case was preliminarily approved by this Court on _____, 2013.  Pursuant to the Court's

Preliminary Approval Order and the Notice provided to the Class, the Court conducted a final

fairness hearing as required by Federal Rule of Civil Procedure 23(e).  The Court has reviewed

the materials submitted by the parties and has heard arguments presented by counsel at the

hearing.  For the reasons cited on the record as well as those stated hereafter, the Court finds and

orders as follows:

The Court hereby grants final approval of the Class and Collective Action Settlement based upon the terms set forth in the Preliminary Approval Order and the Stipulation and Settlement Agreement ("Settlement") filed by the parties. The Settlement appears to be fair, adequate, and reasonable to the Class.

1.     The Court finds that this action satisfies the requirements of Rule 23 for settlement purposes only and further finds that the Class has at all times been adequately represented by the Class Representative and Class Counsel.

2.     The Notice approved by the Court was provided by First Class direct mail to the last-known address of each of the individuals identified as Class Members. In addition, follow-up efforts were made to send the Notice to those individuals whose original notices were returned as undeliverable. The Notice adequately described all of the relevant and necessary parts of the proposed Settlement, the request for an enhancement award to the Named Plaintiff, and Class Counsel's motion for an award of attorneys' fees and costs.

3.     The Court finds that the Notice given to the Class fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process concerns, and provides the Court with jurisdiction over the Class Members.

4.     The Court has concluded that the Settlement, as set forth in the Stipulation and Settlement Agreement executed by the parties, is fair, reasonable, and adequate under state and federal laws, including the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* The Court finds that the uncertainty and delay of further litigation strongly supports the reasonableness and adequacy of the $295,000 Settlement Amount established pursuant to the Stipulation and Settlement Agreement.

5.     The Settlement is HEREBY APPROVED in its entirety.

6.      The Settlement Fund shall be dispersed in accordance with the Stipulation and Settlement Agreement as detailed in the Motion for Preliminary Approval of Class and Collective Action Settlement, granted on _____, 2013.

7.      Pursuant to the Stipulation and Settlement Agreement, the Court approves enhancement payments in the amount of $3,000 to Representative Plaintiff Sonya Robinson-Gibbs, provided that she executes a General Release in the form attached to the Stipulation and Settlement Agreement as Exhibit 2.

8.      Plaintiffs' application for attorneys' fees in the amount of 33%, or $98,333.33, and costs in the amount of $_____ is hereby granted.

9.      This case is hereby DISMISSED WITH PREJUDICE, with each party to bear his, her, or its own costs, except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce the Stipulation and Settlement Agreement, including over disbursement of the Settlement Amount.

10.     As provided in the Stipulation and Settlement Agreement, all Rule 23 Class Members who did not opt out of the Settlement have released all Released State Law Claims against the Defendant Releasees as defined in the Stipulation and Settlement Agreement.

11.     As provided in the Stipulation and Settlement Agreement, all Participating Claimants who properly and timely submitted Consent to Join Settlement Forms have released all Released State Law Claims and all Released Federal Law Claims against the Defendant Releasees as defined in the Stipulation and Settlement Agreement.

12.     The Court hereby approves an award of $10,000 to Rust Consulting, Inc., the Claims Administrator, for settlement administration costs.

13.     This Order is not admissible as evidence for any purpose against Defendant in any pending or future litigation.  This Order shall not be construed or used as support for conditional certification or certification of any class or collective action.  This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability and Defendant specifically denies any such fault, breach, liability, or wrongdoing.  This Order shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have.  Neither the fact of, nor any provision contained in the Stipulation and Settlement Agreement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

14.     The Court hereby enters Judgment approving the terms of the Settlement.  This Order shall constitute a Final Judgment for purposes of Fed. R. Civ. P. 58.

BY THE COURT,

_____
Honorable John J. McConnell, Jr.
United States District Judge