UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

------------------------------------------------------------
Sonya Robinson-Gibbs, on behalf of herself
and those similarly situated,

        Plaintiff,

v.                                               NO. 1:13-CV-00182-M-PAS

RBS Citizens, N.A., d/b/a CCO Mortgage,
Charter One, and Citizens Bank,

        Defendant.

------------------------------------------------------------

## DECLARATION OF PAUL J. LUKAS

I, Paul J. Lukas, hereby declare:

    1.    I am a partner with the law firm of Nichols Kaster, PLLP, which is Class Counsel in the above-captioned matter.

    2.    I make this Declaration in support of Plaintiff's Unopposed Motion for Final Approval of the Class Action Settlement.

    3.    Counsel for the parties in this action are the same as the counsel representing the parties in *Ginter, et al. v. RBS Citizens, N.A., d/b/a CCO Mortgage, Charter One, and Citizens Bank*, Case No. 1-12-cv-00008-M-PAS ("*Ginter*"). The parties settled *Ginter* in February 2013 with the assistance of a neutral, third party mediator. After that experience, and given (i) the parties' familiarity with the settlement issues in *Ginter*; (ii) the cost of engaging a mediator; and (iii) the small class size and thus comparatively small damages at stake, the parties agreed to attempt to negotiate a settlement without a mediator.

4.      The parties identified 90 HLAs who were eligible to participate in the Settlement: the 12 opt-in Plaintiffs and 78 Rule 23 Class Members. Each of the 12 opt-in Plaintiffs accepted the settlement.

5.      If this case had not settled, Plaintiff would have faced a number of factual, procedural and legal hurdles, including:

> Conditional Certification: Defendant would have opposed Plaintiff's motion for FLSA conditional certification;
>
> Decertification: If Plaintiff was successful at conditional certification, Defendant would have moved to decertify the FLSA collective, which if successful, would have forced each of the Plaintiffs to re-file an individual action in order to pursue their claims;
>
> Class Certification: Defendant would have opposed Plaintiff's attempt to certify state law classes under Rule 23, which if successful would have eliminated the claims of the 78 Rule 23 Class Members;
>
> Summary Judgment: Defendant intended to file motions for summary judgment as to its liability (the application of the outside sales exemption, among others), and the limits of Plaintiff's damages (willfulness and liquidated damages);
>
> Daubert Motions: In order to prove their damages, Plaintiff may have required the assistance of an expert, whose report and testimony would have been subject to disqualification motion;
>
> Trial: If Plaintiff survived decertification and summary judgment, the jury could have ruled in Defendant's favor, or otherwise limited Plaintiff's damages; and
>
> Appeal: If Plaintiff prevailed at trial, Defendant would have likely appealed, potentially delaying resolution of the case for months, if not years.

6.      The average settlement amount for participating Settlement Class Members is $2,656.28.

7. Attached hereto are the following Exhibits:

    Exhibit A:    Proposed Order

    Exhibit B:    Order in *Nash v. CVS Caremark Corp.*, 1:09-cv-00079-M-LDA (D.R.I.) dated April 9, 2012.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of January, 2014        */s/Paul J. Lukas*
                                                                       Paul J. Lukas