UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

-----------------------------------------------------------

Sonya Robinson-Gibbs, on behalf of herself
and those similarly situated,

                Plaintiff,

v.                               NO.  1:13-cv-00182-M-PAS

RBS Citizens, N.A., d/b/a CCO Mortgage,
Charter One, and Citizens Bank,

                Defendant.

-----------------------------------------------------------

## PLAINTIFF'S UNOPPOSED MOTION FOR
## ATTORNEYS' FEES, COSTS, AND ENHANCEMENT AWARD

Plaintiff Sonya Robinson-Gibbs, by her counsel, respectfully moves this Court for an Order awarding Class Counsel attorneys' fees and costs, and the Named Plaintiff an enhancement award, as contemplated by the parties' Settlement Agreement.  Defendant does not oppose Plaintiff's motion.  This Motion is based upon all the files, records, and proceedings herein including Plaintiff's Memorandum of Law in Support of Motion for Attorneys' Fees, Costs, and Enhancement Award, declarations, exhibits, and such other and further points and authorities as may subsequently be presented to the Court.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant this motion and enter the proposed order submitted with Plaintiff's Unopposed Motion for Final Approval of the Class Action Settlement.

Respectfully submitted,

Dated: January 23, 2014

**CHARLES S. KIRWAN, ATTORNEY AT LAW**

*/s/Charles S. Kirwan*
Charles S. Kirwan
250-F Centerville Road
Warwick, RI 02886
T:  (401) 359-1166
F:  (401) 336-2448
E:  csk@kirwanlaw.net

**NICHOLS KASTER, PLLP**

*/s/Paul J. Lukas*
Paul J. Lukas, MN Bar No. 22084X*
Timothy C. Selander, MN Bar No. 0387016*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
T:  (612) 256-3200
F:  (612) 215-6870
E:  lukas@nka.com
    selander@nka.com

**WINEBRAKE & SANTILLO, LLC**
Peter Winebrake, PA Bar No. 841503*
R. Andrew Santillo, PA Bar No. 93041*
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
T:  (215) 884-2491
F:  (215) 884-2492
E:  pwinebrake@winebrakelaw.com
    asantillo@winebrakelaw.com

**DONELON, P.C.**
Brendan J. Donelon, MO Bar No. 43901
802 Broadway, 7th Floor
Kansas City, Missouri 64105
T:  (816) 221-7100
F:  (816) 472-6805
E:  brendan@donelonpc.com

*\* admitted pro hac vice*

*Counsel for Plaintiff and*
*Those Similarly Situated*

2

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2014, the foregoing **Unopposed Motion for Attorneys' Fees and Costs, and Enhancement Award,** and attached **Brief in Support**, were filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

> Brendan J. Donelon, Brendan@donelonpc.com;
> Charles S. Kirwan, csk@kirwanlaw.net;
> Lauren Marzullo, lmarzullo@morganlewis.com;
> Paul J. Lukas, lukas@nka.com;
> Peter Winebrake, pwinebrake@winebrakelaw.com;
> R. Andrew Santillo, asantillo@winebrakelaw.com;
> Samuel S. Shaulson, sshaulson@morganlewis.com;
> Sarah E. Bouchard, sbouchard@morganlewis.com;
> Timothy C. Selander, selander@nka.com; and
> Todd S. Holbrook, tholbrook@morganlewis.com.

Parties may access this filing through the Court's CM/ECF System.

/s/Paul J. Lukas
Paul J. Lukas

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

--------------------------------------------------------------

Sonya Robinson-Gibbs, on behalf of herself
and those similarly situated,

             Plaintiff,

v.                                   NO.  1:13-cv-00182-M-PAS

RBS Citizens, N.A., d/b/a CCO Mortgage,
Charter One, and Citizens Bank,

             Defendant.

--------------------------------------------------------------

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS AND ENHANCEMENT AWARD

       Concurrent with this motion, Plaintiff filed her Unopposed Motion for Final Approval of the Class Action Settlement in this wage-and-hour collective and class action.  The Settlement Agreement provides that Class Counsel may request payment of attorneys' fees and costs in an amount up to $98,333.33, or 33% of the Settlement Payment.  With this motion, Plaintiff requests payment of $61,600 in attorneys' fees and costs in the amount of $2,311.22.  Plaintiff also requests that the Court approve the parties' agreed upon enhancement award in the amount of $3,000 to Named Plaintiff Sonya Robinson-Gibbs.

       Plaintiff's request for approximately 20% of the total settlement in attorneys' fees and an additional amount for costs is well-within the range of reasonableness for wage-and-hour cases like this one.  Settlement of this action avoided the time and expense associated with the extensive motion practice and discovery that would have been required had the parties litigated, including briefing on FLSA conditional certification, Rule 23 class certification, FLSA

decertification, discovery-related motions, summary judgment on merits and damages issues, numerous depositions of opt-in Plaintiffs and corporate witnesses, and retention of experts.

The Court should not assume that the absence of those motions means that the parties did not sharply dispute the facts and law at issue in this case, nor should the Court assume that there was little risk in the litigation. The reality is that the parties at all times disputed the crucial facts and legal issues of the case: whether Defendant's Home Loan Advisors and Account Executives ("HLAs") were exempt under federal and state wage and hour laws, the number of hours worked by Defendant's HLAs, whether Defendant made its decision to classify the HLAs as exempt in good faith and whether Defendant willfully violated the law. In other words, the parties' willingness and ability to reach the settlement is a sign of the parties' efficient use of resources and their recognition of the inherent risks and expenses of litigation and trial, as well as the benefits of settlement.

Class Counsel thoroughly and efficiently investigated and prosecuted this case for the benefit of the Collective and Class Members and will continue to represent their interests even after the settlement is approved to ensure that the terms and conditions of the settlement are fully and completely satisfied. Importantly, this settlement and the benefits it confers on the opt-in Plaintiffs and Rule 23 class members would not have been possible without the participation of the Named Plaintiff, who initiated this litigation and included her name on the pleadings on behalf of a class of fellow HLAs. For all these reasons, and as set forth below, the Court should approve Plaintiff's unopposed motion.

I.      **THE COURT SHOULD APPROVE THE REQUESTED ATTORNEYS' FEES**

A.      **Courts in the First Circuit Apply the Percentage of the Fund Method to Award Attorneys' Fees**

There are generally two methods for awarding attorneys' fees from a common fund: (1) percentage of fund and (2) lodestar. The First Circuit has endorsed the percentage of fund method for determining the reasonableness of attorneys' fees requests. *See In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 305 (1st Cir. 1995) (citing Federal Judicial Center, *Awarding Attorneys' Fees and Managing Fee Litigation* 63-64 (1994)); *see also In re Lupron Mktg. and Sales Practices Litig.*, No. MDL 1430, 01-CV-10861-RGS, 2005 WL 2006833, at *3 (D. Mass. Aug. 17, 2005) (noting the First Circuit's acknowledgment of the advantages to the percentage method, specifically that it is less burdensome to administer, it reduces the possibility of collateral disputes, it enhances efficiency throughout the litigation, it is less taxing on judicial resources, and it better approximates the workings of the marketplace); *Duhaime v. John Hancock Mut. Life Ins. Co.*, 989 F. Supp. 375, 377 (D. Mass. 1997) (noting that the percentage method "more appropriately aligns the interests of the class with the interests of the class counsel" and "enhances efficiency."); *accord Trombley v. Bank of Am. Corp.*, No. 08-CV-456-JD, 2013 WL 5153503, at *8 (D.R.I. Sept. 12, 2013) (stating that district court may award attorneys' fees based on either percentage of the fund or lodestar method but choosing percentage of the fund and awarding 30%); *Baptista v. Mut. of Omaha Ins. Co.*, 859 F. Supp. 2d 236, 243 (D.R.I. 2012) (same, but awarding fees based on lodestar due to several factors, including lack of complexity, risk, and motion practice).

In determining whether the amount of a requested fee is reasonable, courts considers multiple factors, including:

(1) the size of the fund created and number of persons benefitted;

(2) the presence or absence of objections;
(3) the skill and efficiency of counsel;
(4) the complexity and duration of the litigation;
(5) financial risks to the attorneys;
(6) the amount of time devoted to the case; and
(7) the awards in similar cases.

*In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 79 (D. Mass. 2005). Here, all seven factors weigh

in favor of granting Plaintiff's motion.

**B.**    **All Seven Factors Weigh in Favor of Awarding Class Counsel the Requested Attorneys' Fees**

Class Counsel requests that the Court award $61,600 in attorneys' fees, which represents

20% of the total Settlement Amount of $295,000. As described below, the request is reasonable

and is consistent with the parties' Settlement Agreement, the Court-approved Settlement Notice,

and the fee agreement between the Named Plaintiff and Class Counsel. It is, in fact, far less than

the 33% that Class Counsel could seek under the terms of the parties' agreement. *See* Doc. 19-2,

Agreement, at ¶ 2.9.1 (permitting Class Counsel to petition the Court for up to $98,333.33 or

33%, for attorneys' fees and costs). Importantly, the Court-approved Notice of Settlement sent

to the Settlement Class Members stated that Class Counsel would seek up to $98,333.33 to be

paid from the $295,000 settlement fund, and not one Class Member objected. Doc. 19-2 at Ex.

1; Declaration of Paul J. Lukas ("Lukas Decl.") ¶ 3. In short, Class Counsel's request of 20% in

attorneys' fees—13% less than what the Settlement Agreement permits them to seek—is well-

within the range of reasonableness and should be approved.

**1.**    ***The Requested Fees are Reasonable in Relation to the Size of the Fund and the Number of Class Members who will Benefit from the Settlement***

Class Counsel's work resulted in the total settlement amount of $295,000. After

deductions for the requested attorneys' fees, costs and enhancement award, a total of

$180,626.89, or 61% of the total settlement, will be distributed to the 68 participating HLAs, for

an average settlement award of approximately $2,656.28.[1]  Lukas Decl. at ¶ 3.  In sum, the

Settlement Agreement provides participating HLAs with a large percentage of the total

settlement amount, and an excellent result without responding to interrogatories, producing

documents, sitting for depositions, or incurring the expense and risk of a trial in which they

would not only have to prevail on liability, but would also have to prove their hours worked.

The reasonableness of the attorneys' fees request is further supported by the high participation

rate and the fact that no class members objected to or opted-out of the settlement.

### 2. *The Absence of Objections and Exclusions is a Strong Indication that the Requested Attorneys' Fees are Reasonable*

The Notice of Settlement sent to the 90 eligible HLAs clearly indicated the amount of

attorneys' fees that Class Counsel would request from the Court.  Doc. 19-2 at Ex. 1.  Notably,

not one Settlement Class Member objected to the requested fees (or the settlement itself), and no

Settlement Class Members sought to exclude themselves.  Lukas Decl. ¶ 3.  Courts generally

hold that a lack of objections favors approval of requested attorneys' fees.  *See In re Safety*

*Components, Inc. Sec. Litig.*, 166 F. Supp. 2d 72, 96 (D.N.J. 2001) ("The absence of any

objections [to petition for attorneys' fees] mitigates against reducing such amounts.") (collecting

cases).  Moreover, given the large individual settlement amounts at stake, the lack of objections

is even more significant because class members had a financial incentive to reduce Class

Counsel's fees.  *See id.* (noting that a lack of objections is not as persuasive when the class

members "have little incentive to challenge a fee award because the cost of objecting would

---

[1] There were 90 HLAs eligible to participate in the settlement, 68 (75%) of whom accepted the settlement by completing and returning a claim form.  Lukas Decl. ¶ 3.  Settlement funds initially allocated to the 22 unresponsive Settlement Class Members ($35,623.11) revert to Defendant. Doc. 19-2, Agreement at ¶ 2.2.1; Lukas Decl. ¶ 3.  Class Counsel does not seek any fees associated with the unresponsive Settlement Class Members.  *Id.*

exceed the value of their holdings.").  Accordingly, this factor weighs in favor of awarding the requested attorneys' fees.

### 3.    *Class Counsel's Experience Allowed them to Litigate and Settle the Case Efficiently*

Class Counsel from all three firms have considerable experience and success in prosecuting and settling federal and state wage-and-hour claims across the country, and are thus well versed in the legal and factual issues present in this case.  *See* Lukas Decl. ¶¶ 4-11; Doc. 19-3 (Nichols Kaster's Firm Resume); Declaration of R. Andrew Santillo ("Santillo Decl.") ¶¶ 4-7; Declaration of Brendan J. Donelon ("Donelon Decl.") ¶¶ 4-6.  Class Counsel's experience informed them as they evaluated the viability of the claims negotiated in this Settlement.

Class Counsel's experience representing employees in the financial services industry was particularly useful in analyzing, litigating, and ultimately settling this case.  Nichols Kaster, for example, has obtained important decisions resulting in significant changes to the ways that financial services companies pay their loan officers, mortgage underwriters, and other employees.  *See, e.g.*, *Casas v. Conseco Fin. Corp.*, No. CIV.00-1512(JRT/SRN), 2002 WL 507059 (D. Minn. Mar. 31, 2002) (holding that MLOs are not covered by the FLSA's administrative, retail sales, or outside sales exemptions); *Pontius v. Delta Fin. Corp.*, No. 04-1737, 2007 WL 1496692 (W.D. Pa. Mar. 20, 2007) *report and recommendation adopted*, No. CIV.A. 04-1737, 2007 WL 1412034 (W.D. Pa. May 10, 2007) (holding that financial companies cannot claim employees are exempt under the FLSA's retail sales exemption); *Bollinger v. Residential Capital, LLC*, 863 F. Supp. 2d 1041 (W.D. Wash. 2012) (holding that mortgage underwriters were not covered by the FLSA's administrative exemption).  And together, the law firms of Winebrake & Santillo and Donelon, P.C., litigated six class and collective actions, involving more than 5,600 employees for nearly four years against Defendant on behalf of

Assistant Branch Managers working in Defendant's bank branches.  Santillo Decl. ¶ 8; Donelon Decl. ¶ 5.

Lead counsel for each of the three firms also have extensive experience litigating wage-and-hour matters. Attorneys Paul J. Lukas, Timothy C. Selander and G. Tony Atwal performed the bulk of the attorney work on this case for Nichols Kaster.  *See* Ex. A, Nichols Kaster Billable Time Entries.  A veteran trial attorney, Mr. Lukas has tried nearly fifty cases to verdict, including two FLSA collective actions.  Lukas Decl. ¶ 9.  He is a frequent lecturer on the FLSA and class and collective litigation at meetings of the ABA, National Employment Lawyers Association, Practicing Law Institute, American Conference Institute, and local bar associations across the country.  *Id.*  Mr. Selander is an eighth year associate whose practice focuses solely on the representation of employees in class and collective actions to recover minimum wages and overtime pay.  *Id.* ¶ 10.  Mr. Atwal is an associate specializing in wage and hour matters and appellate work.  *Id.* ¶ 11.  Attorneys Peter Winebrake and R. Andrew Santillo performed all of the work on this case for Winebrake & Santillo, LLC.  Santillo Decl. ¶ 10.[2]  Over the last ten years, Mr. Winebrake and Mr. Santillo have represented thousands of employees in unpaid wage and overtime lawsuits across the United States.  *Id.* ¶¶ 4-8.  Brendan Donelon is the president and managing attorney at the law offices of Donelon, P.C., and performed all of the work on this case for his firm.  Donelon Decl. ¶¶ 1, 8.[3]  He has extensive trial and litigation experience in employment matters in federal courts throughout the country.  *Id.* ¶ 4.  Over the last several years he has represented employees in lawsuits to recover overtime pay and has been designated as

---

[2] Winebrake & Santillo's billable time entries are attached to the Declaration of R. Andrew Santillo as Exhibit 3.
[3] Donelon, P.C.'s billable time entries are attached to the Declaration of Brendan J. Donelon as Exhibit 2.

lead counsel in numerous cases, including at least ten involving mortgage sales employees like those at issue in this case. *Id.* ¶¶ 4-6.

Using this extensive experience in wage-and-hour litigation, Class Counsel litigated and settled this matter efficiently, securing the benefits of the Settlement Agreement for the Settlement Class Members. Their request for 20% of the settlement fund is thus appropriate.

### 4.    *The Legal and Factual Issues are Difficult and Complex*

This case involves claims under the FLSA, and the state laws of Ohio and Rhode Island. *See* Doc. 16. Determining whether Defendant's HLAs were entitled to overtime compensation under these laws—at summary judgment or at trial—would have involved extensive discovery and detailed analysis of damages, likely requiring the use of an expert. Lukas Decl. ¶ 25. At the same time, however, Plaintiff faced significant procedural hurdles that may have prevented her from even getting to the merits, because she would have been required to prove that she and other HLAs were sufficiently "similarly situated" to pursue their FLSA claims collectively (twice – first on a motion for conditional certification, and then in opposition to Defendant's motion for decertification) and their state law claims as Rule 23 classes (on Plaintiff's motion for class certification). *Id.* Resolving the merits, damages, and procedural issues would have been risky, costly, and time consuming. *See, e.g.*, *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 479 (S.D.N.Y. 2013) (awarding 33% of the settlement fund and noting that "FLSA claims typically involve complex mixed questions of fact and law, and issues must be resolved in light of volumes of legislative history and over four decades of legal interpretation and administrative rulings."). Accordingly, the litigation was difficult and complex, and this factor weighs in favor of awarding the requested fees.

### 5.    *Class Counsel Undertook Considerable Risk in Litigating this Case*

Wage-and-hour collective and class actions are, by their very nature, complicated and time-consuming. *Beckman*, 293 F.R.D. at 479-80.  This was particularly true during the pendency of this case, during which the United States Supreme Court issued several opinions regarding Rule 23 class certification and the FLSA outside sales exemption that arguably favored Defendant's litigation position.  *See Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156 (2012); *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013); *see also Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) (issued 18 months prior to the date Plaintiffs' filed their Complaint).  Despite these risks, Class Counsel took this case solely on a contingency fee basis and were prepared to make this investment with the very real possibility of an unsuccessful outcome and no fee of any kind.  Lukas Decl. ¶¶ 22-28.  Importantly, at the time Plaintiffs filed their Complaint, there were no obvious indications that a settlement would be reached or that the litigation would be successful.  *Id.* ¶ 28.  Further, Class Counsel have not been compensated for any time or expense since the litigation began.  *Id.*  This factor thus weighs in favor of awarding the requested fee.

### 6.    *Class Counsel Expended Extensive Time and Labor on Behalf of the Collective and Class Members*

Plaintiff filed this case in March 2013.  Over the past year, Class Counsel and their staff have spent approximately 157 hours[4] litigating this case and working towards settlement.  *See* Lukas Decl. ¶ 19; Ex. A, Nichols Kaster's Billable Time Entries; Santillo Decl. ¶ 10; Santillo Decl. Ex. 3, Winebrake & Santillo's Billable Time Entries; Donelon Decl. ¶ 8; Donelon Decl. Ex. 2, Donelon P.C.'s Billable Time Entries.  Specifically, over the course of the last year, Class

---

[4] Class Counsel maintain their billable time contemporaneously and in the normal course of business.  Lukas Decl. ¶ 18; Santillo Decl. ¶ 9; Donelon Decl. ¶ 7.

Counsel and their support staff have, among other things, (1) initially investigated potential claims in this case; (2) drafted the Complaint; (3) interviewed the 12 named and opt-in Plaintiffs regarding their claims; (4) drafted Plaintiff's motion for conditional certification; (5) prepared for mediation by analyzing the facts, law, and damages in this case; (6) attended the mediation and engaged in subsequent settlement negotiations; (7) performed detailed damage calculations and analysis; (8) drafted, edited, and filed the Settlement Agreement and settlement approval papers; and (9) communicated with Class Members during the settlement notice period, resulting in 100% of the opt-in Plaintiffs accepting the settlement, 72% of the Rule 23 class members accepting the settlement, and no Settlement Class Members objecting or requesting to be excluded. Lukas Decl. ¶ 20. In addition, Class Counsel will continue to represent the Settlement Class Members throughout the next 12 months to ensure that the appropriate settlement funds are allocated to participating class members, that payments and tax documents are issued in a timely fashion and mailed to correct addresses, and to answer questions about the settlement. *Id.* ¶ 21.

Finally, Class Counsel secured a substantial settlement for the individuals participating in the settlement, a benefit they would almost certainly not have realized without the efforts of Class Counsel. This successful result, combined with the actual fees discussed above, overwhelmingly supports the requested fee award.

### 7. *The Requested Fees are Comparable to Fees Awarded in Similar Cases*

Class Counsel's request for 20% of the settlement fund is well within the range typically awarded in this District and around the country in wage and hour cases. *See, e.g.*, *Nash v. CVS Caremark Corp.*, 1:09-cv-00079-M-LDA (D.R.I. Apr. 9, 2012) (approving 25% award of

attorneys' fees and incentive awards of $5,000 to each named plaintiff);[5] *Cristy v. Constant Contact, Inc.*, No. 1:12-cv-11457-GAO (D. Mass. Nov. 19, 2013) (approving 25% award of attorneys' fees and incentive awards of $2,000 to each named plaintiff);[6] *Garcia v. East Coast Cable & Commc'n, Inc.*, No. 08-30009-KPN (D. Mass. Dec. 10, 2009)[7] (awarding 33.33% of settlement fund); *Olmeda v. AM Broadband, LLC*, No. 06-30051-KPN (D. Mass. Oct. 14, 2009)[8] (same); *Hall v. Best Buy Co., Inc.*, No. 07-4724, 2011 WL 1103755 (E.D. Pa. Mar. 24, 2011) (awarding 33% of common fund and noting that "the requested fee award amounting to 33% of the common fund is comparable to the percentage awarded in similar employment or wage and hour cases") (citing cases); *Clark v. Ecolab Inc.*, No. 07-8623, 2010 WL 1948198, at * 8 (S.D.N.Y. May 11, 2010) (awarding class counsel 33% of $6 million settlement fund in FLSA and multi-state wage and hour case); *Khait v. Whirlpool Corp.*, No. 06-6381, 2010 WL 2025106, at *8 (E.D.N.Y. Jan. 20, 2010) (awarding class counsel 33% of $9.25 million settlement fund in FLSA and multi-state wage and hour case).  Class Counsel's requested award in this case thus falls directly in line with fees awarded in similar cases.

### 8. *A Cross-Check Using the Lodestar Method Confirms that the Requested Fee is Fair and Reasonable*

Class Counsel's request for attorneys' fees is also reasonable under the lodestar cross-check analysis.  In the First Circuit, although not required, "[t]he lodestar approach (reasonable hours spent times reasonably hourly rates, subject to a multiplier or discount for special circumstances, plus reasonable disbursements) can be a check or validation of the appropriateness of the percentage of funds fee, but is not required."  *In re Thirteen Appeals*

---

[5] Order attached as Exhibit C.
[6] Order attached as Exhibit D.
[7] Order attached as Exhibit E.
[8] Order attached as Exhibit F.

*Arising out of the San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d at 307.  The lodestar cross-check does not involve strict rules, but rather is a guide to assist courts in evaluating the reasonableness of a percentage-based fee:

> [It] need entail neither mathematical precision nor bean counting. For example, a court performing a lodestar cross-check need not scrutinize each time entry; reliance on representations by class counsel as to total hours may be sufficient . . . .  Furthermore, the lodestar cross-check can be simplified by use of a blended hourly rate . . . .

*In re Vioxx Prods. Liab. Litig.*, 760 F. Supp. 2d 640, 659 (E.D. La. 2010) (citations omitted). "The multiplier represents the risk of the litigation, the complexity of the issues, the contingent nature of the engagement, the skill of the attorneys, and other factors." *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 468 (S.D.N.Y. 2004).

Class Counsel's work on this case has resulted in a lodestar amount of $54,365 through December 31, 2013.  Lukas Decl. ¶ 19; Santillo Decl. ¶ 10; Donelon Decl. ¶ 8.  This amount reflects 157 hours of time devoted to this case at rates ranging from $175 to $550.  *Id.*  Notably, the lodestar does not include the time that Class Counsel have spent preparing the final approval papers, the time they will spend preparing for, traveling to, and attending the Fairness Hearing, or the time they will spend during the administration of the settlement.  Thus, the lodestar does not fully capture all the time Class Counsel will have spent in successfully resolving this action. Lukas Decl. ¶ 21.

The attorneys primarily responsible for litigating and settling this case are Paul J. Lukas, Timothy C. Selander, G. Tony Atwal, Peter Winebrake, R. Andrew Santillo, and Brendan Donelon.  Lukas Decl. ¶ 19; Santillo Decl. ¶ 10; Donelon Decl. ¶ 8.  Based on their extensive experience litigating wage-and-hour matters (*see supra* § 1.A.3), Class Counsel were able to litigate and settle this case more efficiently than counsel with less experience, and their rates are reasonable. *See Davis v. Footbridge Eng'g Servs., LLC*, No. 09CV11133-NG, 2011 WL

3678928, at *3-4 (D. Mass. Aug. 22, 2011) (approving partner rates of $650 and $565, associate

rates of $350-$425 and paralegal rates of $140-$210 in FLSA and Massachusetts wage-and-hour

case).  Further, the legal assistants, case clerks and litigation support specialists played an

integral role in this case and its successful conclusion, including gathering information from

clients for conditional certification and mediation, assisting in drafting declarations, preparing

the case for mediation, and assisting attorneys with damage calculations, settlement allocations

and settlement administration.  Lukas Decl. ¶¶ 12-17.  As a result, their $175 rate is also

reasonable.  *See Davis*, 2011 WL 3678928 at * 3-4.

Lastly, Class Counsel's lodestar of $54,365 compared to its requested fee of $61,600

yields a lodestar multiplier of 1.13.  This multiplier is consistent with lodestar multipliers

awarded in the First Circuit.  *See In re TJX Companies Retail Sec. Breach Litig.*, 584 F. Supp. 2d

395, 399 (D. Mass. 2008) (multiplier of 1.97); *New England Carpenters Health Benefits Fund*,

2009 WL 2408560, at *1 (D. Mass. Aug. 3, 2009) (8.3 multiplier); *In re Aspen Tech., Inc., Sec.

Litig.*, No. 04-12375-JLT (D. Mass. Mar. 6, 2006) (multiplier of 6); *In re Relafen Antitrust Litig.*,

231 F.R.D. at 82 (multiplier of 2.02); *Conley v. Sears, Roebuck & Co.*, 222 B.R. 181, 188 (D.

Mass. 1998) (multiplier of 8.9); *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 n.6

(9th Cir. 2002) (surveying cases and finding multipliers in "a range of 0.6–19.6, with most (20 of

24, or 83%) from 1.0 and 4.0 and a bare majority (13 of 24, or 54%) in the 1.5–3.0 range.").  For

reasons identified above, particularly the excellent results achieved early in the litigation, a 1.3

multiplier is appropriate.

## II.     THE COURT SHOULD AWARD THE REQUESTED COSTS

Class Counsel also seek reimbursement for out-of-pockets costs incurred in litigation,

totaling $2,311.22, all of which they advanced with the risk of no recovery.  These expenses

16

include costs related to court filing fees, legal research, postage, and travel and accommodations for the mediation.  *See* Ex. B, Summary of Class Counsel's Costs and Nichols Kaster's Itemized Costs; Lukas Decl. ¶ 30; Santillo Decl. ¶ 11; Santillo Decl. Ex. 4.  All of these costs were necessary in connection with litigating and resolving this case and are reimbursable.  *See, e.g.*, *Trainor v. HEI Hospitality LLC*, No. CIV.A. 09-10349-DJC, 2012 WL 119597 (D. Mass. Jan. 13, 2012) *aff'd in part, vacated in part (on other grounds)*, 699 F.3d 19 (1st Cir. 2012) (approving costs related to transcripts, filings fees, subpoenas, photocopies and charges associated with electronic legal research); *In re BankAmerica Corp. Sec. Litig.*, 228 F. Supp. 2d 1061, 1066 (E.D. Mo. 2002) (awarding approximately $1.7 million to plaintiffs' counsel as reimbursement for out-of-pocket expenses advanced during the litigation including "expert witnesses; computerized research; court reporting services; travel expenses; copy, telephone and facsimile expenses; mediation; and class notification.").

Lastly, Class Counsel has not included (and will not seek reimbursement for) costs that will be incurred related to traveling to the Fairness Hearing.  The requested costs are reasonable, were necessary to achieving the settlement, and should be approved.

## III.    <u>THE ENHANCEMENT AWARD IS REASONABLE</u>

As discussed above, Plaintiff requests that the Court award a total of $3,000 as an enhancement award to Named Plaintiff Sonya Robinson-Gibbs.  Plaintiff requests that the Court award this payment in addition to her individual payment as a Class Member under the Settlement.

"Named plaintiffs in a class action may be awarded an amount greater than the other class members as an incentive to encourage participation in the class action and to compensate for the services provided in that capacity."  *Trombley*, 2013 WL 5153503, at *7 (approving

incentive awards of $5,000 each as reasonable); *see also deMunecas v. Bold Food, LLC*, No. 09 CIV. 00440 DAB, 2010 WL 3322580, at *10 (S.D.N.Y. Aug. 23, 2010) ("Such service awards are common in class action cases and are important to compensate individuals for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff."); *Hoffman v. First Student, Inc.*, No. CIV. WDQ-06-1882, 2010 WL 1176641, at *3 n.12 (D. Md. Mar. 23, 2010) ("'Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit.'").  This is especially true in employment class actions such as this where there are potential real life risks and ramifications for individuals asserting such claims.  As the Western District of New York observed:

> While the majority of reported decisions granting incentive awards arise out of securities litigation, . . . such awards are particularly appropriate in the employment context.  In employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers.  *See Roberts v. Texaco, Inc.*, 979 F. Supp. at 201 (citations omitted); *see also Women's Comm. for Equal Employment Opportunity v. National Broad. Co.*, 76 F.R.D. at 182 ("plaintiffs here . . . undertook significant obligations, perhaps at some risk to job security and good will with co-workers, resulting in broad-ranging benefits to the class").
>
> *        *        *
>
> Although this Court has no reason to believe that [the defendant] has or will take retaliatory action towards either [Plaintiff] or any of the plaintiffs in this case, the fear of adverse consequences or lost opportunities cannot be dismissed as insincere or unfounded.  Indeed, those plaintiffs who have opted out of this class and have explained their reasons for that decision expressed concern that the guaranteed recovery was not worth potential discrimination by local employers.

*Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187-188 (W.D.N.Y. 2005); *see also Edelen v. Am. Residential Servs., LLC*, No. CIV.A. DKC 11-2744, 2013 WL 3816986, at *16 (D. Md. July 22,

2013) ("although there is no indication that [the named plaintiff] faces any specific challenges in his current or future job prospects as a result of his participation in this lawsuit, there clearly is a risk that he could").  Thus, it is not unusual for initiating plaintiffs in employment collective/class actions, such as this, to receive significant enhancement awards in recognition of their service to the entire class.  *See, e.g.*, *Austin v. Metro. Council*, 2012 U.S. Dist. LEXIS 41750, *35 (D. Minn. Mar. 27, 2012) (approving $20,000 service award to class representative as "reasonable and well within the range of service awards in other employment class actions"); *Wright v. Stern*, 553 F. Supp. 2d 337, 342 (S.D.N.Y. 2008) (approving $50,000 awards to each of eleven named plaintiffs); *Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172 (E.D. La. Sept. 23, 2004) (approving award of $10,000 to named plaintiff and awards of $1,000 to $2,500 to other FLSA collective action members who assisted in the litigation).

The modest enhancement award requested here is warranted due to the significant contributions of the Named Plaintiff to this litigation. Without her valuable assistance and participation, this case would not have been initiated.  Lukas Decl. ¶ 29.  She provided key information to Class Counsel that considerably assisted in investigating, filing, litigating, and ultimately resolving this action.  *Id.*  Further, given the amount of the total settlement and the modest size of the award, the award does not significantly reduce the amount of settlement funds available to the Class Members.  This payment also advances public policy by encouraging other individuals to come forward and protect the rights of others in representative actions such as this one.  Further, the enhancement award recognizes that unlike other opt-in Plaintiffs or Rule 23 Class Members, the Named Plaintiff agreed to provide RBS with additional consideration in the form of a general release.  *See* Doc. 19-2, Agreement at ¶ 2.9.4.  Finally, the requested enhancement award is in line with those previously approved by this Court in a similar wage-

and-hour class action, *see Nash*, 1:09-cv-00079-M-LDA (D.R.I. Apr. 9, 2012) (approving incentive awards of $5,000 each) (Ex. C).  As such, the requested enhancement award should be approved.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court grant her Unopposed Motion for Attorneys' Fees, Costs and Enhancement Award.

Dated:  January 23, 2014              **CHARLES S. KIRWAN, ATTORNEY AT LAW**

                                      */s/Charles S. Kirwan*
                                      Charles S. Kirwan
                                      250-F Centerville Road
                                      Warwick, RI 02886
                                      T:  (401) 359-1166
                                      F:  (401) 336-2448
                                      E:  csk@kirwanlaw.net

                                      **NICHOLS KASTER, PLLP**

                                      */s/Paul J. Lukas*
                                      Paul J. Lukas, MN Bar No. 22084X*
                                      Tim C. Selander, MN Bar No. 0387016*
                                      4600 IDS Center, 80 South 8th Street
                                      Minneapolis, MN 55402
                                      T:  (612) 256-3200
                                      F:  (612) 215-6870
                                      E:  lukas@nka.com
                                          selander@nka.com

                                      **WINEBRAKE & SANTILLO, LLC**
                                      Peter Winebrake, PA Bar No. 841503*
                                      R. Andrew Santillo, PA Bar No. 93041*
                                      Twining Office Center, Suite 211
                                      715 Twining Road
                                      Dresher, PA 19025
                                      T:  (215) 884-2491
                                      F:  (215) 884-2492
                                      E:  pwinebrake@winebrakelaw.com
                                          asantillo@winebrakelaw.com

**DONELON, P.C.**
Brendan J. Donelon, MO Bar No. 197776
420 Nichols Road, Suite 200
Kansas City, MO  64112
T:  (816) 221-7100
F:  (816) 472-6805
E:  brendan@donelonpc.com

*admitted *pro hac vice*

***Counsel for Plaintiff and***
***Those Similarly Situated***