# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM NASH, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CVS CAREMARK CORPORATION and HOLIDAY CVS, L.L.C.,<br><br>Defendants. | C.A. No. 09-079-M |
| JEANETTE BELANGER, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CVS CAREMARK CORPORATION and BETHEL CVS, INC.,<br><br>Defendants. | No. 1:09-cv-00522 |
| FRANK MEADOWS, Individually and on Behalf of Himself and All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CVS CAREMARK CORPORATION,<br><br>Defendant. | No. 1:10-cv-00473 |

| | |
|---|---|
| RICHARD McFARLAND, Individually and on Behalf of All Other Persons Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CVS CAREMARK CORPORATION, <br><br> Defendant. | No. 1:10-cv-00474 |
| SANDRA JOHNSON, Individually and on Behalf of All Other Persons Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CVS CAREMARK CORPORATION, <br><br> Defendant. | No. 1:10-cv-00475 |
| KRISTY HENDERSON, Individually and on Behalf of Persons Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> HOLIDAY CVS, L.L.C, a Florida limited liability company, CVS CAREMARK, CORPORATION, a Delaware corporation, d/b/a CVS/PHARMACY, CVS PHARMACY, INC., a Rhode Island corporation, d/b/a CVS/PHARMACY, and XYZ ENTITIES 1-1000, fictitious names of unknown liable entities, <br><br> Defendants. | No. 1:11-cv-00541 |

2

| | |
|---|---|
| REINALDO CRUZ, BENJAMIN TETTEYFIO, ANTHONY MANNARINO, CHRISTOPHER TURKO, DONNA PETERS, DENISE RAMSEY, RAFIK MISSAK, and JEFF ANDERSEN, Individually and on Behalf of all Others Similarly Situated,<br><br>                Plaintiffs,<br><br>v.<br><br>HOOK-SUPERX, L.L.C., CVS CAREMARK CORPORATION; CVS PHARMACY, INC.; CVS ALBANY, L.L.C.; NEW JERSEY CVS PHARMACY, L.L.C.; MASSACHUSETTS CVS PHARMACY, L.L.C. and WOODWARD DETROIT CVS, L.L.C.,<br><br>                Defendants. | No. 1:11-cv-00587 |
| ELIZABETH DUCASSE, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>                Plaintiff,<br><br>v.<br><br>CVS CAREMARK CORPORATION and CVS ALBANY, L.L.C.,<br><br>                Defendants. | No. 1:11-cv-00540 |
| SHAWN GRIFFITH, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>                Plaintiff,<br><br>v.<br><br>CVS CAREMARK CORPORATION, and MASSACHUSETTS CVS PHARMACY, L.L.C.,<br><br>                Defendants. | No. 1:11-cv-00537 |

3

| | |
|---|---|
| GARY S. OLSEN, Individually and on Behalf of All Other Persons Similarly Situated, as Class/Collective Representative,<br><br>Plaintiff,<br><br>v.<br><br>CVS CAREMARK CORPORATION,<br><br>Defendant. | No. 1:11-cv-00553 |
| JAMES RENFRO, Individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CVS CAREMARK CORPORATION and OHIO CVS PHARMACY, LLC,<br><br>Defendants. | No. 1:11-cv-00565 |

**ORDER GRANTING FINAL APPROVAL
OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND JUDGMENT**

**THIS CASE** coming on for hearing before the Honorable John J. McConnell, Jr., U.S.D.J., on April 3, 2012, in order for this Court to conduct a final fairness hearing to determine whether the proposed Settlement Agreement between the Parties is fair, reasonable and adequate, and to address Settlement Class Counsel's application for an award of Attorneys' Fees and Lawsuit Costs and for Incentive Awards to the Settlement Class Representatives; and the Settlement Class Members being represented by

4

Settlement Class Counsel and Defendants being represented by their attorneys;

**AND THE COURT**, having read and considered the Parties' Settlement Agreement and all the papers appurtenant thereto submitted by Settlement Class Counsel; having reviewed and considered Plaintiffs' "Motion for Final Approval of Class and Collective Action Settlement, for Award of Attorneys' Fees and Lawsuit Costs and for Approval of Incentive Awards to the Settlement Class Representatives, and Incorporated Memorandum" (ECF No. 119) and the declarations submitted in support thereof; having read and considered "*Olsen* Counsel Application for Award of and Allocation of Attorneys' Fees and Lawsuit Costs" (ECF No. 122); having read and considered "*Olsen* Counsels' Objection to Motion for Award of Attorneys' Fees and Lawsuit Costs" (ECF No. 124); and having heard the oral arguments of counsel presented to the Court; and all papers filed and proceedings had herein; and good cause appearing, now makes the following:

### FINDINGS OF FACT

1. This litigation was commenced on February 23, 2009 by Plaintiff William Nash asserting claims under the Fair Labor Standards Act ("FLSA") on behalf of CVS's Assistant Store Managers.

2. The following cases, alleging similar FLSA and/or analogous state law claims, were transferred to this Court and consolidated with the *Nash* action for settlement purposes: *Belanger, et al. v. CVS Caremark Corporation, et al.*, No. 1:09-cv-522-M-LDA (D.R.I.); *Cruz, et al. v. Hook SuperX L.L.C., et al.*, No. 09-CIV-7717–PAC (S.D.N.Y.); *Ducasse v. CVS Caremark Corporation, et al.*, No. 1:09-cv-04359-FB-JMA (E.D.N.Y.); *Griffith v. CVS Caremark Corporation, et al.*, No. 4:10-cv-10106-FDS (D.

Mass); *Henderson v. Holiday CVS, L.L.C., et al.*, No. 9:09-cv-80909-Marra/Johnson (S.D. Fl.); *Johnson, et al. v. CVS Caremark Corporation, et al.*, No. 1:10-cv-475-M-LDA (D.R.I.); *McFarland v. CVS Caremark Corporation, et al.*, No. 1:10-cv-474-M-LDA (D.R.I.); *Meadows v. CVS Caremark Corporation, et al.*, No. 1:10-cv-473-M-LDA (D.R.I.); *Olsen v. CVS Caremark Corporation, et al.*, No. 1:10-cv-03784 (N.D. Ill.); *Renfro v. CVS Caremark Corporation, et al.*, No. 3:10-cv-414 (S.D. Ohio) (collectively, with *Nash*, the "Wage-Hour Lawsuits").

3. Plaintiffs in the Wage-Hour Lawsuits are William Nash, Jeanette Belanger, Reinaldo Cruz, Benjamin Tetteyfio, Anthony Mannarino, Christopher Turko, Donna Peters, Denise Ramsey, Rafik Missak, Jeff Andersen, Elizabeth Ducasse, Shawn Griffith, Kristy Henderson, Sandra Johnson, Richard McFarland, Frank Meadows, Gary Olsen, James Renfro, Manuel Carago, John Leekin, Mohammed Cook-Bey, William Wimberly, Daniel Zmurk, and Aaron Koebernick ("Plaintiffs" or "Settlement Class Representatives").

4. During the course of litigating the Wage-Hour Lawsuits, the parties reached an agreement to try to mediate the cases to see if they could be resolved expeditiously, thereby saving the parties time and effort. The mediation and settlement process culminated in three days of mediation over two sessions before a JAMS mediator with extensive experience mediating wage and hour cases. As a result of that mediation process, the parties reached accord with respect to a Settlement that provides substantial benefits to Class Members, in return for a release and dismissal of the claims at issue in the Wage-Hour Lawsuits against the Defendants as set forth in the Settlement Agreement. The resulting Settlement Agreement, including the $34,000,000 Gross

6

Settlement Amount, was preliminarily approved by the Court on December 9, 2011.

5. As part of the Order Preliminarily Approving Settlement, this Court conditionally certified the following Settlement Classes for the following periods of time:

1. <u>Federal Settlement Class</u>: This class includes:

   a. The Settlement Class Representatives, and all individuals who as of the date of this Agreement have filed consents to opt into any of the Wage-Hour Lawsuits, who worked at CVS as Assistant Store Managers during the three-year period prior to the earlier of their becoming a Plaintiff in their respective actions or opting into any of the Wage-Hour Lawsuits; and

   b. All other Assistant Store Managers employed by CVS, except in California, from three years prior to the filing of the Amended Complaint.

2. <u>State Settlement Class</u>: This class includes all Assistant Store Managers employed by CVS as follows:

   a. In Connecticut, New Jersey and North Carolina at any time from September 4, 2007, through the Effective Date;

   b. In Illinois, at any time from June 17, 2005, through the Effective Date;

   c. In Kentucky, at any time from November 23, 2005, through the Effective Date;

   d. In Massachusetts, at any time from January 25, 2007, through the Effective Date;

   e. In Michigan, Ohio and Maryland, at any time from September 4, 2006, through the Effective Date;

   f. In Nevada and New Hampshire, at any time from November 23, 2007, through the Effective Date;

   g. In New York, at any time from September 4, 2003, through the Effective Date;

   h. In Pennsylvania, at any time from September 4, 2005, through the Effective Date;

   i. In Arizona, Delaware, Kansas, New Mexico and Tennessee, at any time one (1) year prior to the date of filing of the Amended Complaint through the Effective Date;

   j. In Georgia, Indiana, Iowa, Minnesota, Missouri, North Dakota, Texas, West Virginia and Wisconsin, at any time two (2) years

7

                prior to the date of filing of the Amended Complaint through the Effective Date;

    k.    In the District of Columbia, Montana, Oklahoma, Puerto Rico, Rhode Island and South Carolina, at any time three (3) years prior to the date of filing of the Amended Complaint through the Effective Date;

    l.    In Nebraska, at any time four (4) years prior to the date of filing of the Amended Complaint through the Effective Date; and

    m.    In Hawaii and Maine, at any time six (6) years prior to the date of filing of the Amended Complaint through the Effective Date.

6. Also as part of the Order Preliminarily Approving Settlement, the Court approved the sending of direct mail notice that provided Settlement Class Members notice of the proposed Settlement. The Notice provided an opportunity for the Settlement Class Members to file objections to the Settlement, and an opportunity to opt-out of the Settlement.

7. The settling parties have filed with the Court a declaration from the Claims Administrator, The Garden City Group, declaring that the mailing of the Court-approved notice has been completed, as have subsequent follow-up activities pursuant to the Settlement Agreement, as well as other efforts upon which the Parties agreed.

8. The Court finds that notice was provided to the Classes' members in accordance with the Settlement Agreement and the Court's preliminary approval order. The Court finds and determines that the direct mail notice provided in this case was the best notice practicable. The Court further holds that the notice was accurate, objective, informative, and provided members of the Settlement Classes with all the information necessary to make an informed decision regarding their participation in the Settlement and its fairness, and therefore satisfies the requirements for notice under applicable law.

9. Any persons who wished to be excluded from this action were provided an opportunity to "opt-out" pursuant to the notice. Five requests for exclusion were received. These individuals are listed on Exhibit A hereto. By excluding themselves, these people have no rights under the Settlement Agreement and they shall not be bound by the Settlement Agreement or by the final judgment.

10. The members of the Settlement Classes are bound by the Settlement, Settlement Agreement, the releases contained within the Settlement Agreement, and the Final Order, and they will be bound by the Judgment. Settlement Class members do not have a further opportunity to opt-out of this Action.

11. Any persons who wished to object to any part of the Settlement, including its terms, the requests for fees and expenses by Settlement Class Counsel and the proposed awards to the Settlement Class Representatives, were provided an opportunity to do so pursuant to the Notice. As of the deadline for the filing of objections, one letter objection was filed and, upon review of the same and in consideration of the same, the letter objection is found to be without merit. Given the size of this Settlement, and the notice procedure utilized, this Court finds the fact of a single letter objection to be indicative of the fairness, reasonableness and adequacy of the Settlement, and, accordingly, all members of the Settlement Classes, aside from the individuals noted above who opted-out of the Settlement, are deemed to have waived any such objection by appeal, collateral attack, or otherwise.

12. On the basis of all of the issues in this litigation, and the provisions of the Settlement Agreement, including the $34,000,000 Gross Settlement Amount, the Court is of the opinion that the Settlement is a fair, reasonable and adequate compromise of the

claims against the Defendants in the Wage-Hour Lawsuits, pursuant to Rule 23 of the Federal Rules of Civil Procedure. There are a number of factors which the Court has considered in approving this Settlement, including:

    a.    The liability issues have been contested.

    b.    This Settlement has the benefit of providing relief to the members of the Settlement Classes now, without further litigation, under circumstances where the liability issues are still vigorously contested among the Parties. This Settlement provides the members of the Settlement Classes with a substantial monetary benefit.

    c.    This Settlement is a byproduct of hard-fought negotiation between the Parties, and not a result of any collusion on the part of Settlement Class Counsel or counsel for the Defendants.

13. Settlement Class Counsel provided notice to the Settlement Classes' members of their proposed application for reasonable attorneys' fees and expenses consistent with the terms of the Settlement Agreement and this Court's Order Preliminarily Approving Settlement. This Court has considered Settlement Class Counsel's request for an award of fees and costs of thirty three and one third percent (33 1/3%) of the Gross Settlement Amount, as well as Olsen counsel's request for an award of fees and costs of twenty five percent (25%) of the Gross Settlement Amount.

14. Class Counsel provided notice to the Settlement Classes' members of the proposed application for Incentive Awards to the Settlement Class Representatives consistent with the terms of the Settlement Agreement and this Court's Order Preliminarily Approving Settlement. This Court has considered this application and

hereby grants the proposed application for Incentive Awards to the Settlement Class Representatives.

**NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT THE COURT HEREBY MAKES THE FOLLOWING CONCLUSIONS OF LAW:**

15. This Court has jurisdiction over the parties and the subject matter of this proceeding.

16. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the following Settlement Classes are certified for purposes of final settlement:

    1. **Federal Settlement Class**: This class includes:

        a. The Settlement Class Representatives, and all individuals who as of the date of this Agreement have filed consents to opt into any of the Wage-Hour Lawsuits, who worked at CVS as Assistant Store Managers during the three-year period prior to the earlier of their becoming a Plaintiff in their respective actions or opting into any of the Wage-Hour Lawsuits; and

        b. All other Assistant Store Managers employed by CVS, except in California, from three years prior to the filing of the Amended Complaint.

    2. **State Settlement Class**: This class includes all Assistant Store Managers employed by CVS as follows:

        a. In Connecticut, New Jersey and North Carolina at any time from September 4, 2007, through the Effective Date;

        b. In Illinois, at any time from June 17, 2005, through the Effective Date;

        c. In Kentucky, at any time from November 23, 2005, through the Effective Date;

        d. In Massachusetts, at any time from January 25, 2007, through the Effective Date;

        e. In Michigan, Ohio and Maryland, at any time from September 4, 2006, through the Effective Date;

11

f.   In Nevada and New Hampshire, at any time from November 23, 2007, through the Effective Date;

g.   In New York, at any time from September 4, 2003, through the Effective Date;

h.   In Pennsylvania, at any time from September 4, 2005, through the Effective Date;

i.   In Arizona, Delaware, Kansas, New Mexico and Tennessee, at any time one (1) year prior to the date of filing of the Amended Complaint through the Effective Date;

j.   In Georgia, Indiana, Iowa, Minnesota, Missouri, North Dakota, Texas, West Virginia and Wisconsin, at any time two (2) years prior to the date of filing of the Amended Complaint through the Effective Date;

k.   In the District of Columbia, Montana, Oklahoma, Puerto Rico, Rhode Island and South Carolina, at any time three (3) years prior to the date of filing of the Amended Complaint through the Effective Date;

l.   In Nebraska, at any time four (4) years prior to the date of filing of the Amended Complaint through the Effective Date; and

m.   In Hawaii and Maine, at any time six (6) years prior to the date of filing of the Amended Complaint through the Effective Date.

17. The Court finds that, for the purpose of this Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the disputes in this litigation. All the prerequisites for class certification under Rule 23 are present. The Settlement Classes' members are ascertainable and too numerous to be joined. Questions of law and fact common to all Settlement Classes' members predominate over individual issues and should be determined in one proceeding with respect to all of the Settlement Classes' members. The Settlement Class Representatives' claims are typical of those of the Settlement Classes. The class action mechanism is superior to alternative means for adjudicating and resolving this action.

18. The Court finds that final approval of the Incentive Awards of $5,000.00 to each of the Settlement Class Representatives is appropriate. The Court finds that these amounts are a reasonable and equitable incentive payment.

19. Settlement Class Counsel are qualified, experienced, and have successfully litigated the Wage-Hour Lawsuits, thereby demonstrating their adequacy as counsel for the Settlement Classes. To determine a fair and reasonable award of attorney's fees and costs, the Court has considered the record before it and taken into account the duration and travel of the Wage-Hour Lawsuits, the novelty and complexity of the FLSA legal issues, the amount of discovery conducted, the intensity of the litigation, the skill and efficiency of counsel, and the reaction of the members of the classes, as well as the extent of the benefit obtained. While counsel achieved a magnificent result, because the case went into settlement mode shortly after class certification, extensive liability work was not done. As such, the Court finds that an award of Attorneys' Fees and Lawsuit Costs in the amount of twenty five percent (25%) of the $34,000,000 Gross Settlement Amount inclusive of costs ($8,500,000 inclusive of costs) is warranted. The Court finds that this amount is justified by the amount of work performed, the risks taken, and the results achieved by Settlement Class Counsel.

20. The Court finds that the request for payment of the incurred and anticipated costs of the Claims Administrator, The Garden City Group, estimated to be approximately up to $285,000, is reasonable and is approved.

21. The Court finds that final approval of the Settlement Agreement as being fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure, is warranted and that all of the Settlement Classes' members who have made valid claims

13

should be entitled to receive their share of the settlement fund pursuant to the terms of the Settlement Agreement.

**NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 23(g) and 54(d):**

1. The motion for Final Approval of the proposed Settlement is GRANTED to the extent this Court gives final approval to the Settlement Agreement.

2. The Settlement Class Representatives are entitled to and are hereby awarded Incentive Award payments of $5,000.00 each, such amount to be paid by the Claims Administrator to the Settlement Class Representatives as set forth in the Settlement Agreement.

3. Settlement Class Counsel's application for Attorneys' Fees and Lawsuit Costs is granted in the amount set out in paragraph 19, above. The Claims Administrator is ordered to retain that amount until this Court makes a ruling on its allocation. The Claims Administrator is prohibited from paying any amount to Settlement Class Counsel until this Court issues an Order directing it to do so.

4. The costs and expenses incurred to date or hereafter incurred for finalization of the Settlement by the Claims Administrator, estimated to be approximately up to $285,000, are approved for payment and the Claims Administrator can disburse to itself from the Settlement funds such payments upon approval by Settlement Class Counsel.

5. Upon the Effective Date, as set forth in the Settlement Agreement, the Claims Administrator shall effectuate distribution of the settlement funds to the eligible Settlement Classes' members.

6. All members of the Settlement Classes, other than those that submitted valid requests for exclusion and who are listed on Exhibit A hereto, shall be bound by all determinations and judgments in the Action concerning the Settlement.

7. Neither the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceeding connected with it, shall be construed as an admission or concession by any party of the truth of any allegation in the Action or of any liability, fault, or wrongdoing of any kind.

8. This Action (as well as the Wage-Hour Lawsuits transferred to this Court for settlement purposes) and all claims against the Defendants are hereby DISMISSED WITH PREJUDICE, but the Court shall retain exclusive and continuing jurisdiction of the Action, all Parties, and Settlement Classes' members, to interpret and enforce the terms, conditions and obligations of this Settlement Agreement, and to resolve the allocation of the Attorneys' Fees and Lawsuit Costs.

9. As Such, the "Motion for Final Approval of Class and Collective Action Settlement, for Award of Attorneys' Fees and Lawsuit Costs and for Approval of Incentive Awards to the Settlement Class Representatives, and Incorporated Memorandum" (ECF No. 119) is GRANTED IN PART AND DENIED IN PART, and "*Olsen* Counsel Application for Award of and Allocation of Attorneys' Fees and Lawsuit Costs" (ECF No. 122) is GRANTED IN PART AND DENIED IN PART.

10. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
Hon. John J. McConnell, Jr.
United States District Judge

Date: April 9, 2012

# EXHIBIT A

Opt-outs from Settlement

Colleen M. Bradley
Ruben D. Chavez
Teressa Hausman
Bernard Kwak
Theresa Riley

17