# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FELIX GARCIA, Individually and on Behalf of All Other Persons Similarly Situated,<br>　　　　　　　　Plaintiff<br><br>　　　　v.<br><br><br>EAST COST CABLE & COMMUNICATIONS, INC.,<br>　　　　　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 08-30009-KPN |

<u>ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT</u>
December 10, 2009

NEIMAN, U.S.M.J.

　　Plaintiff Felix Garcia, individually and on behalf of all other persons similarly situated, and Defendant East Coast Cable & Communications, Inc. have submitted their Amended Settlement Agreement and Release of Claims (the "Settlement Agreement") to settle this class action, subject to the court's approval.  The court issued a Preliminary Approval Order, granting preliminary approval of the Settlement on September 4, 2009.

　　In accordance with the Preliminary Approval Order, the Massachusetts Class Members and FLSA Class Members have been given notice of the terms of the Settlement Agreement and an opportunity to object to or (in the case of Massachusetts Class Members) to opt out of the Settlement.  No Class Members have timely objected to the Settlement and no Massachusetts Class Members have timely opted out of the

Settlement.

Having considered the proposed Settlement Agreement, the papers submitted by the parties in support of final approval of the Settlement, and the arguments of counsel at the Final Approval Hearing held on December 10, 2009, the court hereby grants final approval of the Settlement and enters judgment accordingly.

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. For the reasons set forth in the Preliminary Approval Order and in the transcripts of the Preliminary Approval Hearing and the Final Approval Hearing, which are adopted and incorporated herein by reference, this court approves the Settlement pursuant to Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216(b) (the "FLSA").

2. For purposes of settlement and final approval of this Settlement, the court hereby makes final its earlier conditional certification of the Massachusetts Class, defined as: All persons who were employed by East Coast Cable & Communications, Inc. and performed work as a Technician in the Commonwealth of Massachusetts during the period from August 10, 2005, through February 10, 2008.

3. For purposes of settlement and final approval of this Settlement, the court approves the Settlement under the FLSA on behalf of all persons (a) who were employed by East Coast Cable & Communications, Inc. and performed work as a Technician in a State other than the Commonwealth of Massachusetts, and (b) who filed a "Consent to Join Collective Action Pursuant to Fair Labor Standards Act -- 29 U.S.C. § 216(b)" in this Action.

4. The Settlement Notice fully and accurately informed the Massachusetts

Class Members and the FLSA Class Members of all material elements of the proposed Settlement and of their opportunity to object to or opt out of the Settlement.  The Settlement Notice was the best notice practicable under the circumstances; was valid, due and sufficient notice to all such persons; and complied fully with the Federal Rules of Civil Procedure, the FLSA, due process and other applicable law.  A full opportunity has been afforded to all such persons to participate in the Final Approval Hearing.

5. The court has reviewed the Settlement Agreement and finds that it is fair, adequate, and reasonable when balanced against the possible outcome of further litigation relating to liability and damages and the difficulty and delays inherent in such litigation.  The court finds that informal and formal discovery, investigation and research have been conducted such that counsel for all parties are able reasonably to evaluate their respective positions.  The court finds that the Settlement has been reached after intensive, serious, and non-collusive arm's-length negotiations.

6. The court hereby grants final approval of the Settlement and finds it fair, reasonable, and adequate, and in the best interests of the Massachusetts and FLSA Class Members.  Accordingly, the court hereby directs that the Settlement be effected in accordance with the Settlement Agreement and the following terms and conditions.

7. All Massachusetts Class Members and FLSA Class Members who have not validly and timely opted out of the Massachusetts Class -- referred to collectively below as the "Class Members" -- shall be deemed to have waived and released irrevocably all the Released Claims described in the Settlement Agreement.

8. The court finds that payment of additional compensation to Plaintiff Felix

Garcia in the amount of $10,000.00 as an Incentive Award is fair and reasonable in light of the benefits he has provided to the Class Members and Plaintiff's Counsel. Payment of such amount from the Settlement Fund to the Plaintiff is hereby ordered.

9. The court awards to Plaintiff's Counsel attorneys' fees in the amount of $171,666.66, constituting 33.33% of the total Settlement Fund, plus costs of $7,980.56 for all past and remaining work until completion of such matter. Such awards, which are to be paid out of the Settlement Fund, are made in accordance with the terms of the Settlement Agreement, and are fair and reasonable under the circumstances. In ordering this award of attorneys' fees and costs, the court has considered the following factors: (a) the contingent nature of this action; (b) the experience, reputation, and ability of Plaintiff's Counsel and the skill that they displayed in this litigation; (c) the results achieved under the Settlement Agreement; and (d) the preclusion of other employment.

10. In accordance with the terms of the Settlement Agreement, the funds represented by any checks for Settlement Awards sent to Class Members by the Settlement Administrator which have not been negotiated after one-hundred twenty (120) days following the date on which they were issued shall be paid on a pro rata basis, calculated in accordance with the terms of the Settlement Agreement, to those Class Members whose Settlement Award checks were negotiated within one hundred and twenty (120) days of their issuance. Such payments shall be made within sixty (60) business days following the expiration of the 120-day period referred to in this Paragraph.

11. Within thirty (30) days after payment in full of all amounts awarded in this Order and Final Judgment, the Settlement Administrator shall provide to Plaintiff's Counsel a certification that it has compiled fully with its obligations hereunder. Plaintiff's Counsel then shall forthwith file said certification with the court.

12. Without affecting the finality of this Settlement Order and Final Judgment, the court reserves continuing and exclusive jurisdiction over the parties to the Settlement Agreement to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms and the orders of this court for the mutual benefit of the Parties.

13. Having found that the Settlement is fair and reasonable, the court, in the interest of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and thereby decrees that, upon entry, it be deemed a final judgment finally dismissing the action subject to its terms.

DATED:   December 10, 2009

      /s/   Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge